### MARTIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. March 25, 1922.)

No. 1938.

Post office ⊚⟶49—Evidence held to support conviction for stealing mail matter.
　　Evidence *held* to sustain convictions for stealing from the mails and for knowingly having the stolen property in possession.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Criminal prosecution by the United States against Maggie E. Martin and Thomas H. Martin. Judgments of conviction, and defendants bring error. Affirmed.

H. M. Smith, Jr., of Richmond, Va., for plaintiffs in error.

Paul W. Kear, U. S. Atty., of Norfolk, Va. (Lester S. Parsons, Asst. U. S. Atty., of Norfolk, Va., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. Defendant Thomas H. Martin was convicted on five counts of the indictment charging him separately with stealing, abstracting, and removing from the mails one cameo brooch, two silver pickle forks, and three pillow tops. His mother, Maggie E. Martin, was convicted on an indictment charging her with the unlawful and felonious possession of the same articles with knowledge that they were stolen. The two cases were tried together by consent. Error is assigned in the refusal of the District Court to direct acquittals in both cases for lack of evidence, and to order a new trial on the ground that the evidence was not sufficient to support the verdicts.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The evidence against the defendants in brief was this: Young Martin, who was 19 years of age, was a mail messenger in the autumn and winter of 1919–1920. His duty was to carry mail pouches to Hilton post office from a point on the railroad 1,000 feet distant, and parcel post sacks from North Newport News, a distance of half a mile. He lived in the house with his father and mother near North Newport News station. The front room of the house had been lately used as a railroad ticket office. A number of boarders had access to it. Mrs. Martin had been postmistress at North Newport News from 1909 to 1914. She and her husband, as well as Thomas H. Martin, handled the parcel post mail. The custom was to take the mail sacks from the place where they were thrown off the train to the front room of the Martin house, and thence, later on, in an automobile to the post office. Thomas H. Martin was in control of the mail, and responsible for it until he delivered it to the post office. The postmaster testified there was no reason for not carrying the mail directly to the post office.

From the fact that mail bags had been cut there, the postal officers suspected that losses of mail on the route had occurred at Hilton. They placed decoy articles in the mail and went to North Newport News for observation. In the afternoon Thomas H. Martin delivered to the post office one of the sacks that were under observation. On examination it was discovered that a lot of perfume and a package containing three $1 bills placed in the sack by the officers were missing. In answer to their inquiry, young Martin told the officers he had delivered all the pouches and sacks received from the train. Under the authority of a search warrant, the officers searched the house, and found in the front room about a dozen sacks of mail, some of them having been put off the day before. Thomas H. Martin's improbable explanation of his untrue statement that he had delivered all the sacks and pouches was that a colored boy had handed him the sacks from the house, and he supposed he had them all. Search of Mrs. Martin's room upstairs disclosed a cameo brooch stolen from the mail, stuck in the back of a pair of old trousers. Mrs. Martin claimed that this brooch had been left her by her mother. There was evidence tending to show that this statement was untrue. The two stolen pickle forks and three stolen pillow tops were found up in the chimney of Mrs. Martin's room.

Thus it appears that the court and jury, had, as evidence of guilt of Mrs. Martin, not only the possession of the stolen goods in very unusual places, as if for concealment, but her false statement as to the source from which they came, and the absence of any explanation of her possession, except that other persons sometimes passed through her room. This was evidence from which the jury were justifiable in inferring her guilt.

Against Thomas H. Martin was this proof: His custody of the mail sacks and pouches; the stealing of articles from them while in his possession, in the house where he lived with his mother; his false statements to the officers; the taking of the perfume and the money from the sack in which it had been placed by the officers, and the absence of any testimony tending to suggest the taking by any other person. Both the defendants were on the stand, and undertook to explain the

evidence against them. It was for the jury to determine whether the evidence, taken in connection with the probability of their explanations and their manner on the stand, warranted the conviction.

Affirmed.