### UNITED STATES v. HOPKINS (two cases).

### SAME v. WATTS (two cases).

#### (District Court, S. D. Florida. June 19, 1923.)

#### Nos. 1885, 1886, 1894, 1895.

1. **Indictment and information ⬅️125(42)—Indictment held multifarious.**
    An indictment attempting to charge all four of the offenses denounced by Act Feb. 13, 1913, § 1 (Comp. St. § 8603), as to larceny from interstate freight, etc., and to add to them another offense of aiding, assisting, and abetting in each of the four, *held* multifarious.

2. **Indictment and information ⬅️125(I)—Different charges must be in different counts.**
    Different charges of crime must be stated in different counts.

3. **Larceny ⬅️34—Indictment for obtaining interstate freight by fraud must allege means employed.**
    An indictment for obtaining interstate freight by fraud, under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), must show by what means the fraud was practiced to obtain the goods.

4. **Receiving stolen goods ⬅️7(4)—Indictment for possession of interstate freight, knowing it to have been obtained by fraud, held to charge no federal offense.**
    Under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), denouncing receiving or having in possession interstate freight, "knowing the same to have been stolen," an indictment charging receiving and having in possession, "knowing that" the goods "had theretofore been by fraud and deception obtained," *held* to charge no offense against the United States.

5. **Receiving stolen goods ⬅️7(5)—Indictment charging possession of interstate freight, known to have been stolen, held good, although description vague.**
    Under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), an indictment charging possession of interstate freight, known to have been stolen, *held* good, although the description of the property was vague; it being alleged that a further description was to the grand jurors unknown.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Prosecutions by the United States against C. F. Hopkins, alias J. F. Smith, against P. M. Hopkins, alias West Harrell, against Tom Watts, alias A. P. King, and P. M. Hopkins, alias West Harrell, and against Tom Watts and C. F. Hopkins, alias J. F. Smith. On demurrers to indictments. Demurrers sustained in part, and overruled in part.

Maynard Ramsey and Harry W. Reinstine, both of Jacksonville, Fla., Asst. U. S. Attys.

J. T. G. Crawford, of Jacksonville, Fla., for defendants.

CALL, District Judge. There are four of these indictments. No. 1885 is against C. F. Hopkins, alias J. F. Smith; No. 1886 is against P. M. Hopkins, alias West Harrell; No. 1894 is against Tom Watts, alias A. P. King, and P. M. Hopkins, alias West Harrell; No. 1895 is against Tom Watts and C. F. Hopkins, alias J. F. Smith. Each of the indictments contains two counts and are alike to some extent; the difference will be noted below.

The first count in Nos. 1894 and 1895 alleges that the particular defendant did "unlawfully, willfully, knowingly, and feloniously take, steal, carry away, and conceal, and did aid, assist, and abet in taking, stealing, carrying away, and concealing," etc., the particular property mentioned in the indictment. The second count charges the defendant "did unlawfully, willfully, knowingly, and feloniously by fraud and deception obtain," etc., with intent to convert same to his own use.

The first count in Nos. 1885 and 1886 alleges that the particular defendant "did unlawfully, knowingly, willfully, and feloniously receive and have in his possession," etc., "then and there well knowing that said phonograph had theretofore been stolen from a railway station and depot," naming the depot of a railway, "while moving as a part of an interstate shipment." The second count charges the defendant "did unlawfully, knowingly, willfully, and feloniously receive and have in his possession certain goods and chattels," etc., "then and there well knowing that said phonograph had theretofore been by fraud and deception obtained," etc.

To each of these indictments a demurrer was interposed. It is upon these demurrers that the hearing was had.

[1] The Act of February 13, 1913, under which these prosecutions are brought, material to the questions raised by these demurrers, reads as follows:

"Whoever shall steal or unlawfully take, carry away, or conceal, or by fraud, or deception obtain from any railroad car, station house, platform, depot, * * * with intent to convert to his own use any goods," etc., "or shall buy, or receive, or have in his possession any such goods or chattels, knowing the same to have been stolen." Section 8603, Compiled Statutes.

This statute, like many of the acts of Congress, denounces several crimes. It denounces as a crime, first, the larceny from interstate freight; second, the unlawful taking and carrying away of such freight; third, the concealing of such freight; and fourth, the obtaining by fraud or deceit (which I take to be synonymous) of such freight—with the intent to convert same to his own use.

[2] The first counts in Nos. 1894 and 1895 attempts to charge all

four of these offenses and adds to them another offense of aiding, assisting, and abetting in each of the 4. The demurrer challenges the indictment on the ground that it is multifarious. I think the objection is well taken. As I understand the law, different charges of crime must be stated in different counts. I do not understand that different offenses, although similar in their nature, may be charged in the same· count.

[3] The pleader seems to have recognized this principle by adding a second count to each of these indictments, charging the obtaining of the goods by fraud and deception. This second count is, however, defective in not attempting to show by what means the fraud or deception was practiced to obtain possession of the goods. This, I think, is necessary to make a good indictment under this portion of the statute. I think, therefore, the demurrer must be sustained, to the indictments Nos. 1894 and 1895.

[4] The same order will have to be made to the second count in indictments Nos. 1885 and 1886. The possession charged them with the knowledge that the goods had been obtained by fraud and deceit. The knowledge denounced by the statute was "knowing the same to have been stolen." Therefore these second counts charge no offense against the United States.

[5] The first count in Nos. 1885 and 1886 charges the possession, with knowledge that the goods had been theretofore stolen from interstate freight and in my judgment state an offense. The description of the property, while somewhat vague, yet it is alleged that a further description is to the grand jurors unknown. The place from which the property was stolen is given, and the statute specifically names such places. The counts allege the goods were a part of an interstate shipment moving from a state other than Florida to a point in said state. The allegations seem to me ample to protect the defendants from another prosecution for the same charge, and this, as I understand it, is sufficient particulars to be contained in the indictment. The demurrers to the first count in Nos. 1885 and 1886 will be overruled.