## McCORMICK v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 13, 1925.)

No. 6487.

**1. Receiving stolen goods ⊛7(2) —Indictment for possessing property stolen from mails held sufficient.**

Indictment under Penal Code, § 194 (Comp. St. § 10364), for receiving, concealing, and having in possession property stolen from mails, which defendants knew was stolen, held sufficient as against objection that it did not state defendants knew property was stolen when they had it in their possession.

**2. Criminal law ⊛369(9), 370, 371(2), 673 (5)—Admitting evidence of other thefts interwoven with offense charged of receiving stolen property held not error, in view of instructions, being admissible on intent and knowledge.**

In prosecution for receiving, concealing, and possessing property stolen from mails, admission of evidence of thefts from mint and from bank held not error, where it was inseparably interwoven with offense charged, and tended to prove intent, knowledge, and existence of conspiracy, in view of court's instructions.

**3. Criminal law ⊛508(7)—Accomplice, who has pleaded guilty, is not disqualified from testifying against other defendants.**

Accomplice, who has pleaded guilty, is not disqualified from testifying against other defendants.

**4. Criminal law ⊛1144(10)—Circuit Court of Appeals will not presume that colloquy between court and counsel as to increasing bail took place in presence of jury.**

In absence of affirmative showing, it will not be presumed that colloquy between court and counsel as to increasing bail was made in presence of jury, in absence of exception, and in view of Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

**5. Criminal law ⊛1086(14)—Unless substantial rights are manifestly affected, appellate court will not consider errors assigned, unless exceptions are shown in record.**

Unless it manifestly appears from record that substantial rights are affected, assignments of error, not presented to trial court by exceptions properly preserved in record, will not be considered.

**6. Criminal law ⊛1178—Exception not urged in assignments, brief, or argument disregarded by Circuit Court of Appeals.**

Exception to trial court's charge, not urged in assignments, brief, or argument, will be disregarded by Circuit Court of Appeals.

**7. Criminal law ⊛787(1)—Instruction to consider whether there was any contradiction of testimony held not objectionable.**

Instruction to consider whether there was any contradiction of testimony held not objectionable, as tending to call attention to accused's failure to testify.

**8. Criminal law ⊛1177—That sentences under different counts were to run concurrently held no ground for reversal.**

That sentences under different counts were to run concurrently held no ground for reversal; remedy being to raise point when attempt is made to enforce sentences consecutively.

In Error to the District Court of the United States for the District of Minnesota; John F. McGee, Judge.

Stanley McCormick was convicted of receiving, concealing, and possessing property stolen from the United States mails, and of

conspiring to commit such offense, and he brings error. Affirmed.

Le Roy Bowen and John E. Stevens, both of Minneapolis, Minn. (William M. Nash and Chester L. Nichols, both of Minneapolis, Minn., on the brief), for plaintiff in error.

Lafayette French, Jr., U. S. Atty., of St. Paul, Minn. (William Anderson, Asst. U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. Plaintiff in error, with five named defendants, among whom was one Henry E. Sorlien, was indicted in the District Court of the United States for the District of Minnesota at the April term thereof, 1923. The indictment returned contained two counts. The first count charged the defendants, under section 194 of the Penal Code (Comp. St. § 10364), with unlawfully and feloniously receiving, concealing, and having in possession certain bonds, gold notes, and coupons stolen from and out of the United States mails, which the defendants knew were so stolen when they received, concealed, and unlawfully had the same in their possession. The second count charged the same named defendants, together with others to the grand jurors unknown, with having willfully, knowingly, and feloniously conspired to commit the substantive offense described and charged in the first count. The indictment was challenged by demurrers, which were overruled, and, upon trial, a verdict of guilty was returned upon both counts against plaintiff in error and another defendant, one Arthur W. Lindbloom. The sentence imposed upon plaintiff in error was a fine of $2,000 and imprisonment for five years on the first count, and a fine of $10,000 and imprisonment for two years on the second count. During the progress of the trial the defendant Sorlien entered a plea of guilty.

[1] The first error assigned is that the indictment fails to state an offense and that the demurrers interposed should have been sustained. This contention is predicated upon the allegation, as stated in the indictment, that the defendants knew that the bonds had been so stolen when they received, concealed, and unlawfully had the same in their possession. It is conceded that this charge would cover the receiving and concealing, but it is urged that as to the possession the indict-

ment should have stated more specifically that at the time plaintiff in error became unlawfully possessed thereof he knew the bonds were stolen. This challenge is to say the least hypercritical, and is without substance. The entire charge in both counts sufficiently advises that the knowledge assigned referred to the time of acquiring possession. It is alleged that the defendants "did unlawfully and feloniously receive, conceal, and unlawfully have in their possession," and further on, "all of which [bonds] had been stolen from and out of the United States mail and which the defendants knew had been so stolen when they received, concealed and unlawfully had the same in their possession, as aforesaid." The bonds were, of course, not in possession until they had been received and the knowledge then acquired continued throughout the possession. In the second count it is alleged that the defendants named and others conspired "unlawfully, willfully, knowingly, and feloniously to buy, receive, conceal, and unlawfully have in their possession, and to aid in buying, receiving, concealing, and unlawfully having in their possession, certain bonds and gold notes, * * * all of which bonds and gold notes, and the coupons thereof, had been stolen from and out of the mails of the United States, and which said defendants knew had been so stolen when they bought, received, concealed, and unlawfully had the same in their possession." Such allegations have been uniformly ruled to meet the requirements of the statute. United States v. Hopkins (D. C.) 290 F. 619; Lonergan v. United States (C. C. A.) 287 F. 538; Martin et al. v. United States (C. C. A.) 280 F. 513; Pakas v. United States, 240 F. 350, 153 C. C. A. 276; Thompson v. United States, 202 F. 401, 120 C. C. A. 575, 47 L. R. A. (N. S.) 206. The point is without merit.

[2] It is next urged that the court erred in admitting evidence concerning money stolen from the Denver mint and bonds stolen from a bank, the larceny in each case not having been from the mails, and therefore not within the offense charged. This evidence was introduced incidentally in the testimony of witnesses as part of the res gestæ and as disclosing the history of the alleged crime. It was competent as bearing upon the participation of the various defendants, and was admissible as tending to prove intent and knowledge as well as the existence of a conspiracy. The defendant Sorlien, who had entered a plea of guilty and was a witness for the government, testified that he received

certain bonds from plaintiff in error, which McCormick told him had been stolen in the New York postal robbery. Loans were negotiated upon these bonds as collateral, and a large part of the moneys received on these loans was turned over to plaintiff in error. As these loans approached maturity it became necessary that the bonds so pledged should be taken up; otherwise, the fact that they had been stolen would be discovered. McCormick then undertook to obtain other bonds stolen in this same mail robbery. Sorlien was to dispose of them to a South Dakota banker and the proceeds were to be used to take up the loans which had been thus secured. Sorlien and McCormick went to St. Paul to secure these additional bonds. McCormick left Sorlien, returned with a suit case, and told Sorlien that it contained currency which had been stolen in the robbery of the Denver mint. He then proposed that Sorlien use this currency, instead of bonds, in taking up the loans and regaining possession of the stolen bonds originally pledged. With respect to the bonds stolen from the bank it was arranged between Sorlien and McCormick that the latter should get additional bonds stolen from the mails to replace the stolen bank bonds, which had been either sold or hypothecated, and with which the parties loaning the same had become dissatisfied. This testimony respecting the currency stolen from the Denver mint and the bonds stolen from the bank was so inseparably interwoven with the transactions complained of and charged in the indictment that its admission clearly constituted no error. In Astwood v. United States (C. C. A.) 1 F.(2d) 639–642, this court said:

"As a general rule evidence of other crimes is inadmissible, but to this rule there are certain well-recognized exceptions. It does not apply where the evidence of another crime tends directly to prove the crime charged, and evidence which is relevant to defendant's guilt is not rendered inadmissible because it proves or tends to prove him guilty of another separate and distinct crime [citing cases]. It often happens that two distinct offenses are so inseparably connected, as in the instant case, that the proof of one necessarily involves proof of the other, and in such case, on the prosecution for one, evidence proving it should not be excluded because it also proves the other."

Furthermore, the court carefully instructed the jury that the defendants were not upon trial for receiving, concealing, and having in their possession these particular bonds and this particular money, and they were admonished to leave these things out of consideration in determining the guilt of the defendants.

[3] It is next claimed that the witness Sorlien was disqualified from testifying for the reason that he had already pleaded guilty. This contention is without merit. Caminetti v. United States, 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Greenberg v. United States (C. C. A.) 297 F. 45; Rosen et al. v. United States, 245 U. S. 467, 38 S. Ct. 148, 62 L. Ed. 406.

[4] The principal error dwelt upon is statements made by court and counsel, claimed to have been made in the presence of the jury, upon the subject of additional bail. At the conclusion of the taking of testimony, on one of the days during the progress of the trial, the United States attorney urged that the bail of the defendant McCormick should be increased, alleging, as ground therefor, that the marshal's office had been informed that preparations had already been made for the removal of the defendant McCormick from the jurisdiction of the court. There is no affirmative showing that the remarks were made in the presence of the jury, and we think the presumption that they were not so made is stronger than the presumption that they were. The hour of adjournment had arrived. After the testimony of the last witness, certain motions which are customarily made out of the presence of the jury were presented. The colloquy to which reference has been made then occurred, and immediately thereafter court adjourned.

The trial was an extended one. An examination of the record discloses that upon but one occasion is specific reference made to a dismissal of the jury. This court cannot indulge the presumption that both court and counsel for the government permitted these proceedings to take place in the presence of the jury, in the absence of affirmative and convincing proof to the contrary. This conclusion is fortified by the fact that counsel took no exception at the time. Plaintiff in error is not represented in this court by the same counsel who tried the case below. They urge this court to take cognizance of this alleged error in the absence of exception, citing Skuy v. United States (C. C. A.) 261 F. 316; Wiborg v. United States, 163 U. S. 632, 16 S. Ct. 1127, 1197, 41 L. Ed. 289. The situation presented is not one which calls for this exceptional departure from usual procedure. Highway Trailer Co. v. City of Des Moines (C. C. A.) 298 F.

71; Thompson Caldwell Const. Co. v. Young (C. C. A.) 294 F. 145. This court will not presume prejudice from the mere existence of possible error. Sebastian Bridge District v. Missouri Pacific R. R. Co. (C. C. A.) 292 F. 345. The rule announced in these decisions applies equally to criminal cases.

[5] Section 269 of the Judicial Code, as amended by the Act of February 26, 1919, Public 281, 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246), is confirmatory of this view. That section originally read as follows:

"All of the said courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law."

It was amended by adding the following language:

"On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

By this amendment Congress obviously intended to relax the old rule that all error, however incidental, is presumed to be prejudicial, by which the courts in cases, both civil and criminal, have sometimes felt constrained to reverse judgments upon apparently unsubstantial grounds; this often resulting in an unfortunate failure of justice. Of this, the public generally, as well as the profession, had made complaint. It is perceived that there is growing up in criminal cases a practice, not to be approved, of seeking to distort this remedial statute into authority for reversals upon grounds neither urged nor preserved at the trial. The substantial rights of defendants in criminal cases have always been amply protected. It is only where plain error has been committed in a matter vital to defendants, where radical fault in the trial is present, or where it manifestly appears from the record that substantial rights are affected, as where evidence of guilt is absent, or grave and prejudicial misconduct is present, that such error should be considered in the absence of objection, exception or assignment. In such cases it is considered. Wiborg v. United States, 163 U. S. 632, 16 S. Ct. 1127, 1197, 41 L. Ed. 289; Skuy v. United States (C. C. A.) 261 F. 316; Sarkisian v. United States (C. C. A.) 3 F.(2d) 599.

But other matters conceived to involve error in the course of the trial, which do not convincingly condition the outcome, must be preserved by seasonable objection and exception. Not only does the error complained of not clearly appear from the record, but the absence of exception removes the point from our consideration.

[6, 7] No exception was taken to the charge of the court, except as to the refusal of a request for instructions, the substance of which was embodied in the charge. This matter is not urged, either in assignments, brief, or arguments, and may be disregarded. Finally, error is assigned to this language of the court:

"You have to consider whether there was any contradiction of that testimony in this case."

To this statement in the charge no exception was taken. Independently of this failure to preserve the point, that charge was unobjectionable. The defendant McCormick did not testify, and this language of the court is challenged as tending to call the attention of the jury to that fact. The statement was a general one, and was not directed to any crucial part of the testimony, that could be contradicted only by the defendant. To ascribe to it the tendency or effect assigned finds no logical support in the record.

"Comment by court and counsel that certain testimony is uncontradicted is common, oftentimes helpful, and very generally held to be without error." Morrison v. United States (C. C. A.) 6 F.(2d) 809, and cases cited.

[8] The point is made that the sentences imposed on the first and second counts of the indictment run concurrently. Even though this should prove true, it could work no reversal of the judgment of conviction. This point, if well taken, may be raised at the proper time, when an attempt is made to enforce the sentences as consecutive.

The evidence in this case establishes conclusively the guilt of plaintiff in error. Finding no error in the record, it follows that the judgment should be affirmed.

It is so ordered.