## UNITED STATES v. BUERK.

Crim. No. 452.

District Court, E. D. Wisconsin.

April 14, 1941.

**410**

B. J. Husting, U. S. Dist. Atty., of Milwaukee, Wis., for the Government.

George A. Burns, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

The defendant has demurred to the indictment herein on the ground of duplicity. The defendant urges that the indictment, which consists of one count, charges an offense set forth in 22 U.S.C.A. § 233, and also an offense which is included in 22 U.S.C.A. §§ 233a to 233g. The penalty for the first offense is imprisonment for not more than ten years and, in the court's discretion, a fine of not more than $5,000. The penalty for the latter (§ 233e) is a fine of not more than $1,000 or imprisonment for not more than two years, or both.

The joinder of two or more crimes in a single count of an indictment makes same duplicitous, and an objection on that ground if promptly made is fatal to it. United States v. Hopkins, D.C., 290 F. 619. The objection is properly raised by demurrer. Lemon et al. v. United States, 8 Cir., 164 F. 953.

The indictment charges, "That on the 1st day of August, 1937, and on succeeding days continuing down to and including the 26th day of December, 1940, at Milwaukee County, in the Eastern District of Wisconsin and within the jurisdiction of this court, Eugene J. Buerk, not being at any of the said times a diplomatic or consular officer or attache, unlawfully, knowingly and wilfully did then and there act as an agent of a foreign government, to wit: the Government of Germany, without prior notification to the Secretary of State of the United States of America, in that the said Eugene J. Buerk did then and there, on behalf of and for the benefit of the said German Government, make investigations and obtain information and report such information to consular and diplomatic officials, attaches, representatives and employees of the said German Government, and did represent and hold himself out to be an accredited representative of the German Consulate at Chicago, Illinois, and did on behalf of and for the benefit of the said German Government, make various representations and promises to divers and numerous persons, who were then and there skilled laborers, for the purpose of inducing said persons to leave the United States for Germany and reside in Germany and aid the said Government of Germany and did, then and there, act as a publicity agent for the said Government of Germany."

The indictment properly charges an offense under Sec. 233: "Whoever, other than a diplomatic or consular officer or attaché, shall act in the United States as an agent of a foreign government without prior notification to the Secretary of State shall be punished * * *."

Therefore our inquiry must be directed to an ascertainment of whether the indictment also charges an offense under Secs. 233a to 233g. The gist of the offense under those sections is contained in Sec. 233b: "Every person who is now an agent of a foreign principal shall, within thirty days after this Act takes effect and every person who shall hereafter become an agent of a foreign principal shall forthwith file with the Secretary a registration statement, under oath, * * *." This section then specifies the form and contents of the statement and provides for further periodic filings. The penalty clause, Sec. 233e, provides: "Any person who willfully fails to file any statement required to be filed under this Act, or in complying with the provisions of this Act, makes a false statement of a material fact, or willfully omits to state any material fact required to be stated therein shall, on conviction thereof, be punished * * *."

Sec. 233 was enacted in 1917. Let us assume that this section was not contained in the Federal Statutes. Could the defendant be prosecuted under this indictment for a violation of provisions 233a to 233g? In the first place, if a defendant failed to file his statement, or if he did make a statement containing a false statement, or omitted a material fact, the offense would be committed in the District of Columbia. Furthermore, it is apparent that the defendant herein could successfully demur to the foregoing indictment, under Secs. 233a to 233g, because no attempt was made to charge a failure to file a registration statement.

Under Sec. 233, a person is prohibited from acting as agent without prior

notification to the Secretary of State. Undoubtedly such notification could be given through the mails or by telegraph. The proper venue to try a violator of that section would be in the district where he acted as agent without having given prior notification to the Secretary of State. The demurrer must, therefore, be overruled.

I have given consideration to the second and third grounds of demurrer, but as the charge is for a continuing offense I do not believe the objection is well taken, and the demurrer will, therefore, be overruled on all grounds.