Hubert Woodrow **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 16208.

United States Court of Appeals
Eighth Circuit.

Dec. 8, 1959.

Rehearing Denied Jan. 4, 1960.

William J. Gilwee, G. Dennis Sullivan, Russell S. Jones, and Sullivan, Mann, Jones & Sullivan, Kansas City, Mo., filed brief for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo. (Edward L. Scheufler, U. S. Atty., and Joseph L. Flynn, Asst. U. S. Atty., Kansas City, Mo., were on the brief), for appellee.

Before WOODROUGH and MATTHES, Circuit Judges, and MICKELSON, District Judge.

MICKELSON, District Judge.

Defendant appeals from judgment and sentence imposed upon his conviction by a jury upon a one-count indictment charging that on or about the 18th day of March, 1958, at Kansas City, Missouri, in the Western Division of the Western District of Missouri, Williams did knowingly, wilfully and feloniously cause to be transported in interstate commerce from Kansas City, Missouri, to Oklahoma City, Oklahoma, a stolen motor vehicle, namely, a 1956 Ford, bearing a certain serial number, he knowing the same to have been stolen, in violation of Sec. 2312, Title 18 U.S.C.A.

During the trial of the case before the jury, the government presented evidence, over the objection of defendant's counsel, as to the theft of several other automobiles by the defendant and his employees, Parks and Tignor, occurring between the time of the theft (which was between July 31st and September 18, 1956) of the 1956 Ford described in the indictment and the date of its transportation in interstate commerce. At the close of the government's case, defendant moved for judgment of acquittal, which was overruled. The defendant presented his case, though not taking the stand to testify himself, and at the close of his case he renewed his motion for judgment of acquittal, which was again overruled. Defendant's counsel then moved the court to strike all testimony relating to the theft of cars other than the car the defendant was charged with transporting. The case was submitted to the jury and the defendant was found guilty and sentenced to the custody of the Attorney General of the United States for a term of three years. Defendant urges as the sole ground of reversible error, the admission of the testimony and evidence relating to the theft of these other cars.

The witness Parks testified that he and the defendant stole the indictment car from a new car dealer at Sarcoxie, Missouri. The car was brought to Kansas City, Missouri, where it was used by the defendant and Parks as though both were the owners. The car was later involved in an accident and was repaired by substituting a salvaged body for the damaged one. Before the accident, it had been a two-door car. After its repair it became a four-door vehicle. The body which was placed on it was purchased by the defendant from Maczuk, Inc., near New Haven, Missouri. Following the repair of the car, Parks and Tignor changed the serial number thereon to match the body which was purchased by the defendant from Maczuk, Inc., and applied a two-tone paint job.

In the forepart of the year 1958, the Kansas City police department began investigating the activities of the defendant and his employees, and inasmuch as they had uncovered another stolen automobile, known as the "Willoughby" car, the defendant began discussions with Parks and Tignor about leaving Kansas City, and on or about the day alleged in the indictment it was decided by the three of them to go to Brownsville, Texas. The defendant then took Parks and Tignor to where the stolen Ford in question was parked, and Parks and Tignor, with Parks driving, proceeded in the stolen car to Brownsville, Texas. The defendant was to join them a few days later. Before he joined them, and as they were running short of money, they called defendant and he forwarded them the sum of $40 by telegraph, and directed them to meet him in Oklahoma City. They met the defendant in Oklahoma City a few days later, and the stolen car was placed in storage and there later recovered by the authorities.

At the time of the trial of this case, both Parks and Tignor were serving sentences for transportation in interstate commerce of a stolen motor vehicle. Both of them were called as government witnesses. The witness Parks testified to the theft by him and the defendant of the indictment car, and both he and the witness Tignor testified as to the arrangement for the transportation of the indictment car to Oklahoma City. The government proved in considerable detail the theft and handling of three other automobiles by the defendant and his employees Parks and Tignor.

 As was stated in Fairbanks v. United States, 1955, 96 U.S.App.D.C. 345, 226 F.2d 251, 253:

"The general rule is that upon the trial of an accused person the prosecution may not introduce evidence of another offense wholly independent of the one charged. However, there are many well established exceptions to this rule, so numerous that it has

been said that it is difficult to determine which is the more extensive, the doctrine or the acknowledged exceptions. This Court has admitted evidence of other criminal acts when those acts (1) are so blended or connected with the one on trial that proof of one incidentally involves the other, (2) they explain the circumstances of the offense charged, or (3) they tend logically to prove any element of that offense." (Authorities cited.)

We do not think the testimony of the witnesses Parks and Tignor relating to the theft of these other automobiles did any violence to the general rule, because such testimony showed the method and scheme being employed by the defendant and his employees Parks and Tignor in the theft of automobiles and making them over into different automobiles by the use of salvage equipment. Such evidence was also admissible as bearing upon guilty knowledge and intent on the part of the defendant when he induced his employees, Parks and Tignor, to transport the indictment car from Kansas City, Missouri, to Oklahoma City, Oklahoma. The other evidence, including many exhibits, relating to the theft and disposition of three other specific automobiles, corroborated the testimony of Parks and Tignor, who at the time of trial were convicted felons. It appears to be very clear from the record in this case that the defendant and his employees were in the "business" of stealing, making over, and disposing of automobiles, and that the handling of the three specific automobiles occurred between the time of the theft and the transportation of the indictment car. In fact, the indictment car was used in their "business" by both the defendant and Parks. This clearly made the evidence as to the stealing and disposition of these other cars material and competent to show the method and scheme under which they were operating, and it also bore upon the defendant's intent and motive in inducing the transportation of the indictment car. Kraus v. United States, 8 Cir., 1937, 87 F.2d 656.

Evidence of similar transactions to the one charged in the indictment will be received for the purpose of showing knowledge, intent, motive, design or scheme where such element is an essential in the commission of the charged offense. Ehrlich v. United States, 5 Cir., 1956, 238 F.2d 481; Baker v. United States, 5 Cir., 1955, 227 F.2d 376; 20 Am.Jur., Evidence, Sec. 303, p. 281, Sec. 314, p. 296.

These other crimes testified to by Parks and Tignor, and corroborated by the other evidence relating to the theft and disposition of the three other automobiles, were so inseparably interwoven with the offense charged that they tended to prove intent and knowledge on the part of the defendant. McCormick v. United States, 8 Cir., 1925, 9 F.2d 237. When the defendant induced Parks and Tignor to drive the indictment car from Kansas City, Missouri, to Brownsville, Texas, and then to Oklahoma City, Oklahoma, his intent and motive were to get the indictment car out of the state of Missouri because it was a stolen car; and because the police had already discovered the stolen "Willoughby" car, he was fearful that they would uncover these other stolen cars as well as the indictment car. All of this evidence relating to the theft and disposition of these other cars was connected with and in part conduced the transportation of the indictment car.

A careful study of the record in this case discloses that much of the testimony relating to other offenses was introduced without objection, this despite the fact that the trial court admonished counsel for defendant that he should make specific objections to all testimony which he believed objectionable. Not only did counsel for defendant fail to object to much of the testimony which he now claims was erroneously admitted, but he also cross-examined the witnesses, Parks and Tignor, at considerable length, and through such cross-examination devel-

oped facts which showed the commission of other offenses.

The trial court, when the first testimony was offered relating to the stealing of other automobiles, in overruling defense counsel's objection, stated that the defendant was only charged with the transporting or causing to be transported of the indictment car, and that he could not be found guilty of any offense or crime except the one charged in the indictment, and that proof of another crime or crimes was not evidence of the commission of the instant offense except as they might tend to prove intent or knowledge. It was for the trial judge to decide on the facts and circumstances of this case whether the offered evidence relating to the theft and disposition of these other automobiles formed the basis of a sound inference as to the guilty knowledge of the defendant in the instant case so as to be entitled to be admitted. United States v. Antrobus, 3 Cir., 1951, 191 F.2d 969.

In his charge to the jury, he again specifically limited the jury's consideration of the evidence relating to these other offenses as going only to the question of knowledge and intent of the defendant. He further cautioned them that this evidence relating to these other offenses was only admitted for these specific purposes, and that they should not be prejudiced in any manner by its admission on the question of the guilt or innocence of the defendant. No exceptions were taken to the court's instructions, although they were invited, and it may thus be assumed that the issues were sufficiently defined by the arguments and the court's instructions so that the contentions regarding the theft and handling of the three cars other than the indictment car were well understood.

We have carefully reviewed the authorities cited by appellant, but conclude that under the circumstances of the instant case no prejudicial error was committed in receiving the evidence of which appellant complains.

Affirmed.