### UNITED STATES of America, Plaintiff,

### v.

### Marshall D. COLEMAN, Defendant.

### Nos. WCR662, WCR668.

United States District Court
N. D. Mississippi, W. D.

Sept. 28, 1966.

H. M. Ray, U. S. Atty., Oxford, Miss., for plaintiff.

Armis E. Hawkins, Houston, Miss., for defendant.

## MEMORANDUM OPINION

Clayton, Chief Judge.

Defendant was tried to a jury on two indictments which were consolidated for trial. A total of three counts were included in the two indictments. Each of these counts charged defendant with disposing of property mortgaged to the Farmers Home Administration of a value exceeding $100 with intent to defraud Farmers Home Administration, in violation of Section 658, Title 18, United States Code.

One count charged such sales between October 24, 1964, and December 11, 1964, of fourteen cows; another charged the sale of two bales of cotton on February 26, 1965, and the third charged sales of thirty-nine head of cattle between the dates of January 15, 1965, and July 2, 1965.

Defendant was found guilty of selling the two bales of cotton with intent to defraud and not guilty of the other two counts.

Defendant's motion for a new trial as supplemented assigns many grounds and is before the court on briefs. In addition, defendant's attorney filed an affidavit which will be mentioned later.

Several of the assigned grounds are pro forma and are not urged in defendant's brief. These are considered wholly without merit and will not be discussed. Others were dealt with by this court in advance of trial and during trial. This court's views with respect thereto and its disposition thereof are matters of record herein and will not be dealt with again.

Defendant complains of the sufficiency of the evidence to support the one verdict of guilt. He also complains with respect to certain evidence offered by the prosecution which was admitted for consideration of the jury over defendant's objections. Moreover, he complains of the exclusion of certain evidence offered on the part of defendant when objection thereto was made by the government. Additionally, he complains with respect to certain aspects of the court's instructions to the jury. Although they are considered to be without merit in the circumstances disclosed by this record, each of them will be discussed.

The evidence adduced, as it bears particularly on the charge of which defendant stands convicted, is that in January, 1964, the County Supervisor of the Farmers Home Administration discussed with defendant the latter's desire for an operating loan from Farmers Home Administration. Defendant was advised with respect to the many restrictions attendant to such a loan, including the fact that he could not sell his cattle or crops when they were subject to a deed of trust in favor of the Farmers Home Administration unless he turned over the proceeds from such sales to the Farmers Home Administration for application on his loan. The defendant stated that he understood all of these things and that he

was familiar with Farmers Home Administration loans. On May 8, 1964, an operating loan was made to Coleman by the Farmers Home Administration and a deed of trust was executed by him as security. This deed of trust, among other things, encumbered a 1955 Allis-Chalmers tractor, a 1949 Farmall C tractor, and his 1964 cotton crop. However, it is significant to note that at the time this deed of trust was executed, the defendant no longer owned the two tractors, but had previously sold them to Westmoreland Tractor Company in Tupelo, Mississippi, in April of 1964. Evidence that this was the case came in over objection of defendant and was admitted as circumstantial evidence tending to show his general intent in his dealings with Farmers Home Administration.

In January, 1965, the county supervisor and two other employees of Farmers Home Administration visited the farm of defendant and were advised by him that he had already disposed of some of his cattle and cotton, but had failed to surrender the proceeds for application to his loan. Thereupon defendant was advised by these people that his actions were wrong, since he was required to turn the proceeds over to the Farmers Home Administration. After this event, defendant sold additional cotton, this time in March, 1965, which is the sale which was the basis for the conviction on the one count. At the time when this sale was made, the defendant affirmatively represented to the purchaser that there were no liens against this cotton. Thus the check for the purchase price was made payable to the defendant alone and not, as it should have been, jointly with Farmers Home Administration. The money paid Coleman for this cotton was never surrendered to Farmers Home Administration as required nor was it ever released to him for any other use.

■■ In sum, it is clear to this court that this evidence was sufficient to warrant a finding on the part of the jury that the defendant had the necessary intent to defraud. This is especially true since the evidence was uncontradicted and unimpeached in any way. And, when it is understood that it is this court's duty, in the present posture of the case, to consider this evidence in the light most favorable to the prosecution, together with all reasonable inferences which can be drawn therefrom, it is more than enough.

■ Proof of criminal intent to defraud is nearly always dependent upon circumstantial evidence. Here it must be borne in mind that we are dealing with a series of transactions over a period of several months between two parties—defendant on one side and Farmers Home Administration on the other. A person's state of mind, or intention, in doing an act can often be shown or indicated by his prior acts. Thus it is that the evidence with respect to the actions of defendant in mortgaging tractors which he did not then own to the Farmers Home Administration as security for a loan falls within the well recognized exception to the rule excluding testimony of other crimes where the other crime is not too remote in time or is of a similar type. "Remote" is a relative term, and in the exercise of its discretion here, particularly in view of the continuing dealings between these parties, this court considers the evidence with respect to the non-owned tractors admissible here. Weiss v. United States, 122 F.2d 675 (5th Cir. 1941) and Wharton's Criminal Evidence, 12th Ed., Vol. 1, §§ 233–237. Here the similarity in crimes was the intent on the part of defendant to deal unfairly with the Farmers Home Administration in some fashion. In the case of the mortgage on the tractors which were not owned, it was to fraudulently obtain funds by way of a loan. In the matter of the sale of mortgaged cotton, it was to fraudulently obtain funds which were required to be paid on the debt owed to Farmers Home Administration. Such evidence of collateral offenses is admissible as relevant and tending to prove intent. United States v. Fawcett, 115 F.2d 764, 132 A.L.R. 404 (3rd Cir. 1940) and Whar-

ton's Criminal Evidence, 12th Ed., Vol. 1, § 237. The offenses in this case are inseparably interwoven and are thus admissible on the question of intent. McCormick v. United States, 9 F.2d 237 (8th Cir. 1925). Most of the authorities cited by defendant support this view.

■ Defendant offered proof of his good reputation for honesty and fair dealing and offered proof with respect to the value of land owned by defendant (which was also under another deed of trust to Farmers Home Administration and otherwise encumbered) which was excluded upon objection by the United States. Defendant complains of this action. His purpose in offering such evidence was to show that ultimately the government could not have been defrauded at all, since, as defendant claims, such evidence would have shown that the government could have collected in the end all that the defendant owed the Farmers Home Administration. Conceding arguendo that defendant's evidence woud have been sufficient to show that his farm lands had a net value, above the liens against it, sufficient to have paid Farmers Home Administration, at some time in the future all of his indebtedness to them, such evidence is beside the point. At most, it might have been some slight degree of circumstantial evidence tending to show that the defendant did not have, at the time of the transactions in question, any intent to ultimately defraud Farmers Home Administration of any money. Such evidence is comparable to evidence which might be offered in most embezzlement cases that the defendant, at the time he took money not belonging to him, intended to replace or "repay" it at some time in the future, or, to evidence that the embezzler had a net worth much greater than the amount of funds embezzled and that therefore the person from whom the funds were wrongfully taken *could not lose* (without regard to the intent of the embezzler). Certainly it could not be said that such evidence would be a defense to a charge of embezzlement. And, the line must be drawn somewhere in the reception of circumstantial evidence. This court considers that the line was properly drawn here when the court excluded the opinion evidence tendered with respect to the value of property belonging to defendant.

■ As has been mentioned, the correctness of the court's actions in giving supplemental instructions to the jury have been placed in question by defendant in connection with his motion for a new trial, although he does not urge this aspect of his claims in his brief. In these circumstances, this court would be justified in holding that defendant has thus waived his claims in this regard. But, defendant's attorney did furnish his own affidavit to support this point, and the court will respond to that affidavit.

■ Let it first be said that the affidavit can have little weight. The reporter's notes and the transcript thereof are the record and it cannot be changed in the manner attempted.

■ After the jury had been deliberating for some time, they were brought back into the courtroom and reported to the court that they had been unable to reach a verdict. Thereupon they were given supplemental instructions by the court, which were, as the record will show, a modified and substantially softened version of the so-called "Allen" charge. At the conclusion of these supplemental instructions, this colloquy occurred:

COURT: Are there any exceptions to the supplemental instructions given to the jury on the part of the United States?

MR. RAY: There are none, sir.

COURT: On the part of the defendant?

MR. HAWKINS: No, sir.

It now is simply too late in the day for defendant to complain. He was and is represented by counsel of his own employ, who is widely considered to be a competent, experienced practitioner, especially skilled in the practice of criminal

law by reason of his many years of service as a state district attorney. When defendant's attorney affirmatively stated in open court that defendant had no exceptions to these supplemental instructions, he thus, as it should be, closed the door forever with respect to any later complaint on the point he now seeks to present. Rule 30, Federal Rules of Criminal Procedure. See also Tomley v. United States, 250 F.2d 549 (5th Cir. 1958) and Sikes v. United States, 279 F.2d 561 (5th Cir. 1960).

With respect to the supplemental instructions, defendant also seems to claim that the time was too short between the giving of the aforementioned supplemental instructions and the verdict. The record will show that the jury retired at 5:59 after the supplemental instructions and returned with their verdicts on each count at 6:34. To say just what influenced the jury to reach verdicts on all three counts at the time when it did is conjecture, speculation, and supposition. Defendant seems to suppose, and thus claims, that the verdict of guilt on one count was the product of the supplemental instructions. It would be at least two-to-one more probable to suppose that the two verdicts of not guilty were the product of these instructions—if these instructions had any effect on the jury at all.

On this point, this court does not intend to overturn settled case law and to give to the defendant (and his attorney) an opportunity to play "Monday morning quarterback", when the game ended sometime before.

Supporting this court's view, some of the cases are Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); Johnson v. United States, 5 F.2d 471 (4th Cir. 1925); Orton v. United States, 221 F.2d 632 (4th Cir. 1955); United States v. Tellier, 255 F.2d 441 (2d Cir. 1958) and Sikes v. United States, supra.

█ No claim of perfection is made for this trial which resulted in two verdicts of not guilty and one verdict of

guilty against the defendant. However, such errors as may have occurred (and none of any consequence have been pointed out by the defendant) are considered harmless by the court. None known affected any substantial rights of defendant, and they thus will be disregarded on this motion. Rule 52(a), Federal Rules of Criminal Procedure. In the exercise of its discretion, the court considers that the motion in its entirety should be overruled. An order will be entered so to do.