## ALLEN v. UNITED STATES.
### No. 13556.

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1951.

Swift Tyler, Marvin O'Neal, Jr., Atlanta, Ga., for appellant.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

This is an appeal from a conviction for interstate transportation of a stolen automobile from Atlanta, Georgia, to Tallahassee, Florida.

The appellant urges two matters here: First, insufficiency of the evidence; and, second, improper argument of counsel for the Government before the jury.

The argument in support of the insufficiency of the evidence is directed to the point that the evidence did not show that the car was stolen. There was evidence to show that in September, 1948, a Mrs. Mahr was the owner of this car at Atlanta, Georgia, where she lived; that Mr. Mahr had purchased the car for her and had insured it against loss by theft several months prior to his death on May 15, 1948; that in the latter part of the month of September of that year Mrs. Mahr went to Pittsburgh, Pennsylvania and two days thereafter the car suddenly disappeared from the open garage which was located in the rear of her apartment. The car, in the possession of appellant, next showed up in Tallahassee, Florida, where it was offered for sale to a car dealer at a price six hundred dollars below the market value. On the following day, which was October 1, 1948, appellant had the car in Thomasville, Georgia where he sold it to the last of the two automobile dealers whom he contacted on that day. On each of the three occasions when appellant was negotiating for the sale of the car he represented that he was Mr. Mahr, the owner, and to establish his identity he produced a registration certificate, a driver's license and a Dunn and Bradstreet identification card, all in the name of Mr. Mahr, and also a letter postmarked in Philadelphia, Pennsylvania, addressed to Mr. Mahr. Testimony was given that when Mrs. Mahr left the city in late September she left the keys to her apartment with a Mrs. Krienke and her sister, so that they could use her telephone. It further appears that Mrs. Krienke was acquainted with appellant, whom she knew as Jimmie Deland; that he came by to visit at times and on several occasions accompanied her to Mrs. Mahr's adjoining apartment when there was need for using the telephone; and that one night he went over to use the telephone and it was late and he wanted to go to sleep, so he stayed there all night and returned the key the next morning. There was also testimony by a business associate of Mr. Mahr who lived next door that he noticed that the car had been removed from the garage and he reported this fact immediately to the insurance company and that the company later gave Mrs. Mahr a new car. The witness further testified that on the day of Mrs. Mahr's return he visited her apartment and saw papers strewn all over the place.

We think it clear that these facts and circumstances are sufficient to sustain the verdict. Indeed they would seem to compel the conclusion that the car was stolen.

The other error assigned complains of remarks made by appellee's counsel in his closing argument to the jury. It is sufficient to say that the point was not preserved for review here. No objection was made to it, no ruling of the trial court was provoked and the trial court was not afforded any opportunity to cure it by rebuke or otherwise, which it might well have done if it was harmful and if such action had been requested. Maryland Casualty Company v. Reid, 5 Cir., 76 F.2d 30, 33.

The judgment of conviction should be, and is affirmed.