**CLARK et al. v. UNITED STATES.**
Nos. 14555, 14566.

United States Court of Appeals
Fifth Circuit.

May 14, 1954.

Thomas V. Kierman, St. Petersburg, Fla., for Clark.

Dillon Hartridge, Damon G. Yerkes, Jacksonville, Fla., for Samples.

Herbert S. Phillips, U. S. Atty., J. Hardin Peterson, Asst. U. S. Atty., Lakeland, Fla., E. David Rosen, Asst. U. S. Atty., James L. Guilmartin, U. S. Atty. for Southern Dist. of Florida, Miami, Fla., for appellee.

**64**

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

The appellants, defendants, were found guilty by a jury under an indictment based upon the general conspiracy statute, 18 U.S.C.A. § 371, which charged that the defendants and others conspired to steal 550 cases of whiskey, part of an interstate shipment, in violation of 18 U.S.C.A. § 659, or to receive, possess and dispose of said whiskey, knowing same to have been stolen in violation of said 18 U.S.C.A. § 659.

The principal contention of each appellant on appeal is that the district court erred in denying his motion for a directed verdict of acquittal because there was no sufficient proof that he conspired to steal, or to receive, conceal or dispose of whiskey *from an interstate shipment.* Further claimed errors are that the district court erred in permitting the Government to introduce into evidence, over the defendants' objections, several cases of the whiskey as rebuttal testimony; that the court erred in not striking references to other crimes and conspiracies, and in not declaring a mistrial or granting a new trial on account of alleged improper argument by the district attorney to the jury.

As to the substantive offense denounced by 18 U.S.C.A. § 659, it is clear that the statute does not require knowledge that the property was in interstate commerce when embezzled or stolen but requires knowledge only that the property was embezzled or stolen. The courts have consistently held that "one who knowingly receives stolen chattels must do so at the peril of their having been stolen while in course of interstate transportation". Kasle v. United States, 6 Cir., 233 F. 878, 882. See also, Bloch v. United States, 5 Cir., 261 F. 321, 325; Grandi v. United States, 6 Cir., 262 F. 123, 124; Rosen v. United States, 2 Cir., 271 F. 651, 655; Freedman v. United States, 3 Cir., 274 F. 603, 606; Lonergan v. United States, 8 Cir., 287 F. 538; Thomas v. United States, 4 Cir., 11 F.2d 27, 28, 29; United States v. Crimmins, 2 Cir., 123 F.2d 271, 273. In the last cited case, the reason for that rule was well expressed by Judge Learned Hand, " * * in such cases the accused's conduct is independently immoral or unlawful, and that casts upon him the risk that that element of the crime of which he is ignorant may in fact exist."

In the same case, however, Judge Hand called attention that "it does not follow, because a jury might have found him guilty of the substantive offence, that they were justified in finding him guilty of a conspiracy to commit it." We note that the gist of the offense of conspiracy "is agreement among the conspirators to commit an offense attended by an act of one or more of the conspirators to effect the object of the conspiracy." United States v. Falcone, 311 U.S. 205, 210, 61 S.Ct. 204, 207, 85 L.Ed. 128. See Rent v. United States, 5 Cir., 209 F.2d 893. One of the express or implied terms of the agreement must be to commit the federal offense. In addition to the leading case of United States v. Crimmins, supra, the following cases have held proof of the existence of such an agreement, either express or implied, necessary for conviction for conspiracy. United States v. Bollenbach, 2 Cir., 147 F.2d 199, 201; United States v. Sherman, 2 Cir., 171 F.2d 619, 623; United States v. Smolin, 2 Cir., 182 F.2d 782, 786; United States v. Cordo, 2 Cir., 186 F.2d 144, 147. See also, dissenting opinion of Chief Judge Hutcheson in Pereira v. United States, 5 Cir., 202 F.2d 830, 838. The Supreme Court's opinion in Pereira v. United States, 347 U.S. 1, at pages 11 and 12, 74 S.Ct. 358, at page 364, makes it clear that " * * * the charge of conspiracy requires proof not essential to the convictions on the substantive offenses—proof of an agreement to commit an offense against the United States— * * *." However, the dissenting opinion, not in conflict on this point with the Court's opinion, points out in effect that to be guilty of conspiracy, the defendant need only reasonably anticipate that the property might be embezzled or stolen

while in the course of interstate transportation. See dissenting opinion in Pereira v. United States, 347 U.S. 1, 14, 74 S.Ct. 358. There may be an implied understanding that the property could be embezzled or stolen from any source that might prove convenient or accessible, and that would include an interstate shipment. See United States v. Crimmins, supra, 123 F.2d at page 273.

 The principal witness for the Government was one Robert Earl Deitle, then serving a sentence for having stolen the whiskey. Deitle admitted the theft from an interstate shipment, and testified that these two appellants had conspired with him to commit such theft and to dispose of the whiskey. Both appellants admitted various dealings with Deitle in reference to the whiskey, but testified that Deitle had represented to them that it came from a club in Ohio formerly operated by Deitle and for that reason had no Florida stamps on it. The trial of these appellants and others on the conspiracy charge consumed two weeks, and the typewritten record comprises 1329 pages. The writer has carefully read that record, and we think it sufficient to say that we agree with the district judge that there was sufficient evidence, if believed by the jury, to sustain the convictions.

The cases of whiskey had marked on them the names and addresses in different states of the consignor and of the consignee and the dates of filling the bottles. It cannot be said that there was any abuse of discretion in permitting receipt of this evidence in rebuttal. See Johnson v. United States, 5 Cir., 207 F.2d 314.

The evidence as to other crimes and conspiracies was not solicited by the Government, but was injected by Deitle in response to questions of counsel for the defendants on cross-examination. There was no immediate objection to such evidence, and the failure of the judge later to strike it was not reversible error.

No objection was made to any of the remarks of the district attorney now complained of and they are, therefore, not subject to review here. Allen v. United States, 5 Cir., 192 F.2d 570. His opening and closing arguments are set out in full in the record, and, while they were vigorous and no doubt effective, they seem to us to be scrupulously fair.

The learned district judge was patient, considerate and effective in affording to the defendants a full and fair trial. No objections were reserved to his instructions to the jury. We find no reversible error in the record, and the judgment of conviction of each appellant is therefore

Affirmed.