**George Buford SIKES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17999.**

United States Court of Appeals
Fifth Circuit.

June 10, 1960.

Rehearing Denied July 15, 1960.

George W. Atkinson, Tallahassee, Fla., for appellant.

Edward L. Stahley, Asst. U. S. Atty., Wilfred C. Varn, U. S. Atty., F. E. Steinmeyer, III, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

Defendant-appellant was found guilty of transporting and possessing nontaxpaid distilled liquors. Sentenced to imprisonment for a period of two years, he has appealed, assigning three errors. These are: (1) the error of denying his motion for a directed verdict on the ground that, while the circumstances do point the finger of suspicion, they do not prove guilt with that legal certainty required by law; (2) the error of calling the jury back after it had commenced its deliberation to give it additional instructions;[1] and (3) the error of failing to correct the misconduct of the assistant district attorney.[2]

For the reasons hereafter briefly stated as to each of them, we are of the clear opinion that none of the claims of error find support in the record.

■■ Of the objection to the charge, it is sufficient to say: (1) that no objection was made as required by Rule 30, F.R.Crim.P., 18 U.S.C.A.; Tomley v. United States, 5 Cir., 250 F.2d 549; and (2) that, under the facts of this case, the giving of the charge was within the discretion of the district judge. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528; Johnson v. United States, 4 Cir., 5 F.2d 471; Orton v. United States, 4 Cir., 221 F.2d 632; United States v. Tellier, 2 Cir., 255 F.2d 441.

■ For the same reason we reject appellant's claim that the argument of the assistant district attorney constituted reversible error. This court has affirmed and reaffirmed that it is the duty of the trial court to keep the trial within proper bounds and that where it has not done so and egregious error has occurred, it will be corrected here. Maryland Cas. Co. v. Reid, 5 Cir., 76 F.2d 30 and the numberless cases which have cited and followed it. With equal firmness and constancy it has affirmed and reaffirmed the principle that in ordinary cases "objections on the grounds of misconduct of counsel during the trial or in argument of the case will not be considered on appeal or review unless the question is raised and reserved in the trial court". 3 Am.Jur., "Appeal and Error", Sec. 374; Allen v. United States, 5 Cir., 192 F.2d 570; Clark v. United States, 5 Cir.,

---

1. *The Court:* "Members of the Jury have you arrived at a verdict?"

   *Foreman:* "No, sir, Your Honor."

   *The Court:* "Well, I want to give you one additional instruction. You may be seated Mr. Hughes.

   "The jury is instructed that in a large percentage of cases absolute certainty cannot be expected. Although the verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusion of his fellows, yet you should examine the questions submitted with candor and with a proper regard and deference to the opinions of each other. It is your duty to decide this case if you can conscientiously do so. No juror is expected to do violence to his conscience. You should listen with a disposition to be convinced of each other's arguments. If a much larger number are for conviction, a dissenting juror should consider whether his doubt is a reasonable one which made no impression upon the minds of so many men equally honest and equally intelligent with himself. If on the other hand, a majority of you are for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority.

   "I am going to ask you to retire and further consider your verdict."

2. In stating to the jury in his closing argument:

   "Did they contradict Mr. Gould on the stand? Did they in any way impeach his testimony? Not a bit. What Mr. Gould said on the stand before you is uncontradicted testimony. It was checked at 5:30, Jake Sikes drove in there at 6:30 and drove out and they found the whiskey. That stands before you uncontradicted."

213 F.2d 63; Uhl v. Echols Transfer Co., 5 Cir., 238 F.2d 760; Williams & Brantley v. National Surety Corp., 5 Cir., 257 F.2d 771. In addition, the complained of remarks were not subject to the objections made. Johnson v. United States, 4 Cir., 5 F.2d 471; United States v. Brothman, 2 Cir., 191 F.2d 70.

■ On its primary ground of error, the denial of a directed verdict of not guilty, appellant stands no better. The district judge, in overruling the motion for new trial based on the ground that the evidence was circumstantial and did not exclude every reasonable hypothesis except that of guilt, correctly determined and held: "The jury could well have concluded as it did that there was no other reasonable hypothesis except the guilt of the defendant as charged." Kassin v. United States, 5 Cir., 87 F.2d 183; Vick v. United States, 5 Cir., 216 F.2d 228; Guevara v. United States, 5 Cir., 242 F.2d 745; Rodriguez v. United States, 5 Cir., 232 F.2d 819, and Cuthbert v. United States, 5 Cir., 278 F.2d 220.

■ Appellant's difficulty here in urging the contrary of this view arises out of the fact that, viewed in the light most favorable to the government, as on this review of the jury verdict they must be, these are the established facts: that a deposit or stash of 18 gallons of moonshine whiskey was discovered and placed by government agents under a twenty-four hour a day surveillance on June 8, 1959; that rain on June 9, 1959, washed away previous car tracks on the "stash" road; that there was but one usable entrance to the moonshine stash and this was via the state road; that Agent Gould visited the stash at 5:30 A.M. on June 11, checked the whiskey and discovered that it was in the same place still covered up and the same containers full of shine were there as were there on Monday night; that no person other than governmental agents went to the moonshine stash until 6:30 A.M., June 11, 1959, when defend-

ant drove a green 1959 Plymouth into the stash area from state road 65 and drove his car west on the stash road to a point where he turned around and returned to state road 65, where Gould recognized him, stopped him, searched his car, and, finding no contraband in it, let him go.

Appellant, though he cannot surmount, recognizes this difficulty when throughout his argument he undertakes to make a breach in these facts by putting forward in contradiction of them *the fact that there was some testimony to the contrary, an approach which, though available to him below before the jury verdict, is no longer available.* Recognizing Gould's highly damaging evidence by arguing:

"From here we go to the all important testimony of the appellee's witness State Beverage Agent Gould. Without this testimony the appellee would not have the slightest hope of proving a case against appellant and even with Gould's testimony the appellee has fallen far short of the degree of proof necessary to convict on circumstantial evidence. * * * No one saw Gould inspect the stash that morning. There is not one single person on this earth, including the other agents and the appellant, who could contradict this testimony and yet without it * * * any court would have granted a directed verdict of not guilty."

appellant pitched his whole case below, and tries to pitch it here on an attack on Gould's credibility. Unfortunately for him, this attack upon Gould's credibility, which was entirely legitimate in arguing the case to the jury, is no longer so, the verdict having categorically affirmed the truth of his testimony. Accepting that testimony as true, as, because of the verdict, we must, we think it indisputable that the district judge did not err in concluding "that the jury might reasonably find not only that the evidence was consistent with a finding of guilt, but that it was inconsistent with any other reasonable conclusion", and, so conclud-

ing, in denying the motion for directed verdict.

The judgment was right. It is affirmed.