**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ralph Leo McCARTHY, Defendant-Appellant.**

**No. 13381.**

United States Court of Appeals Seventh Circuit.

Oct. 26, 1961.

Morris A. Shenker, Murry L. Randall, and Lawrence J. Lee, St. Louis, Mo., for appellant.

Carl W. Feickert, U. S. Atty., Belleville, Ill., James B. Moses, E. St. Louis, Ill., Paul Komives, Attorney, Department of Justice, Washington, D. C., of counsel, for appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

Defendant was convicted by a jury on a one count indictment charging violation of the Mann Act (18 U.S.C. § 2421). The indictment charged defendant with knowingly transporting one Marian Jean Ashbrook on June 11, 1960, from St. Clair County, Illinois to Kansas City, Missouri, for the purpose of prostitution.

The errors relied on are based on two instructions given to the jury. One was with respect to the significance of the indictment; and the second was the instruction with reference to the factors which could be considered in evaluating the testimony of the defendant who was a witness in his own behalf.

Defendant urges it was error to instruct the jury, "When a crime has been committed the witnesses knowing the facts concerning the crime are brought before the grand jury of this district to testify concerning such crime. The grand jury, if they are satisfied with such testimony, will return an indictment. * * *"

Defendant argues that the jury might infer the judge was telling the jury that a crime had been committed when that was one of the issues in the trial below. Also, that the grand jury was satisfied with the testimony of the witnesses it had heard.

■ The instruction was unhappily phrased. However, we think the trial court made it abundantly clear that the indictment by the grand jury was no evidence of defendant's guilt, and created no presumption of guilt. The entire charge to the jury on this point was as follows:

"When a crime has been committed the witnesses knowing the facts concerning the crime are brought before the grand jury of this district to testify concerning such crime. The grand jury, if they are satisfied with such testimony, will return an indictment. An indictment is the charge made by the grand jury against the person named therein called the defendant, charging him with the commission of a crime. The defendant is then brought into Court and given the right to plead either guilty or not guilty. If he pleads not guilty, an issue is made up which then must be tried by the jury and that is what you are here to do. The indictment is not evidence. It is merely a formal charge. I say the indictment is not evidence but merely the written charge of a crime having been committed. It is not evidence and does not create any presumption or permit any inference of guilt of the crime charged and it is not to be accepted by you as any evidence against the defendant. * * *"

We hold that the instruction hereinbefore quoted did not constitute error.

■ The trial court pointed out that defendant who had testified in his own

behalf, had an interest in the outcome of the case. We hold this instruction was not erroneous. United States of America v. Marshall, 7 Cir., 266 F.2d 92, 95.

Judgment

Affirmed.