Carlos Zayas CASTRO
and
Luis Orlando Alvarez, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 18931.

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1961.

---

10.  281 F.2d at 848.

**541**

Max Lurie, Miami, Fla., for appellants.

Robert W. Rust, Asst. U. S. Atty., Miss Lavinia L. Redd, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Miami, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and SIMPSON, District Judge.

BELL, Circuit Judge.

Appellants and one Katon were tried under a four count indictment, three counts of which charged, respectively the substantive offenses under 26 U.S.C. § 5851 of possession of five submachine guns as defined in 26 U.S.C. § 5848 without registering them with the Secretary of the Treasury; receiving and possessing the guns without procuring and forwarding to the Secretary the required order forms; and receiving and possessing the guns without paying the transfer tax. 26 U.S.C. §§ 5841, 5814, and 5811. The fourth count charged appellants and Katon with conspiracy to commit violations of the National Firearms Act as charged in the first three counts, and alleged four overt acts in furtherance of the conspiracy.

The first, third and fourth overt acts in effect set out possession of a suitcase or the guns therein. The second alleges simply that appellants and Katon drove to the Seminole Gun Shop in a 1957 cream colored Plymouth automobile.

The suitcase and guns were suppressed as evidence prior to the trial as to appellants because of seizure in violation of the Fourth Amendment. They were not suppressed as to Katon for the stated reason that the arresting government agents had sufficient probable cause to arrest him without a warrant and to search and seize the suitcase and guns incidental to his valid arrest.

Appellants are Cubans. Katon was in the firearms business in Miami. The case put on by the government was that the three took the guns which were deactivated to the Seminole Gun Shop in the suitcase for activation. The gunsmith with whom they dealt at the shop advised a government agent of the receipt of the guns and was advised by him to go along with appellants and Katon. The agent in the meantime examined the guns and kept the gun shop under surveillance. Katon was advised by the gunsmith, pursuant to a prearranged plan with the government agent, that only one of the guns could be activated and that all should be picked up. Appellants together with Katon drove to the shop in the 1957 cream colored Plymouth owned by appellant Castro to pick up the guns, and were arrested as they drove away with

the suitcase containing the guns in the back of the car. The government proved that the guns had not been registered, that no required forms had been filed, and that no transfer tax had been paid.

On trial the suitcase and guns were admitted against defendant Katon only and the court instructed the jury at the same time as follows:

" * * * any evidence about this suitcase and these five guns has heretofore been excluded against Castro and against Alvarez because the Court determined that the search and seizure aspects to those two men was unlawful, so any evidence that goes in now relating to the finding of this suitcase and the guns will go against only the one remaining defendant."

This admonition was reiterated on three other occasions during the trial and on two occasions in the charge to the jury.

Appellants moved for judgment of acquittal at the close of the government's case and the court reserved decision. At the close of the evidence judgment of acquittal was granted appellants as to counts one, two, and three but denied as to count four, the conspiracy count. Katon was convicted on all four counts while appellants were convicted on the conspiracy count.

This is the appeal of Castro and Alvarez only. They contend that the court erred in denying their motion for judgment of acquittal as to count four, in allowing the guns in evidence against Katon while they were on trial, and by referring in the charge to all of the overt acts alleged in the indictment in view of the fact that three of the overt acts were based on the suppressed evidence.

■■ This latter contention is not sound in view of the fact of no objection to the instructions. Fowler v. United States, 5 Cir., 1957, 242 F.2d 860; White v. United States, 5 Cir., 1953, 200 F.2d 509; Rule 30, Fed.R.Crim.Proc., 18 U.

S.C. It is likewise not sound for the same reason that there was no error in allowing the guns in evidence against Katon while appellants were on trial, i. e., error cannot be predicated upon the admission of competent and admissible testimony as to one of the defendants in a conspiracy case, especially where the judge correctly instructs the jury as to its bearing upon the question of guilt or innocence of the other defendants. Holmes v. United States, 5 Cir., 1920, 267 F. 529 (statements); Metcalf v. United States, 6 Cir., 1952, 195 F.2d 213 (statements and ledger sheets); United States v. Newhoff, 2 Cir., 1936, 83 F.2d 942 (declarations).

The substantial question presented on this appeal has to do with the contention that the court should have granted the motion for judgment of acquittal as to the conspiracy count.

■■ In Parr v. United States, 1960, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed. 1277, the conspiracy count failed because it was based on an offense charged in another count which itself failed because it did not charge a federal crime. In Ingram v. United States, 1959, 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503, the conspiracy count failed as to two of the defendants because of insufficiency of proof of the federal crime charged. Neither of these authorities stand for the proposition as urged by appellants that the conspiracy count must fail because of the acquittal on the substantive counts. A conspiracy to commit a crime is a different offense from the crime which is the object of the conspiracy, and is punishable whether the contemplated crime took place or not. Williams v. United States, 5 Cir., 1950, 179 F.2d 644.

■■ A conspiracy insofar as this case is concerned is the combination of two or more persons to violate a law of the United States, and the doing of an overt act to carry such design into effect, Holmes v. United States, supra. The overt act, here driving to the gun shop in the automobile, need not be a crime

and is not a part of the offense charged, but simply something done in furtherance of the object of the conspiracy and the only purpose of proof of the overt act is to eliminate the possibility of abandonment of the conspiracy. Burk v. United States, 5 Cir., 1943, 134 F.2d 879; Blumenthal v. United States, 9 Cir., 1947, 158 F.2d 883; and Carlson v. United States, 10 Cir., 1951, 187 F.2d 366.

■ These sound and established principles would, in the usual case, require affirmance. Here, however, the entire trial dealt with the contraband guns. They were produced early in the trial and remained in the jury's view throughout. Most of the witnesses identified them, handled them, and testified about them. As to the two appellants, neither the guns nor any testimony concerning them, was properly before the jury, under the prior ruling on Motion to Suppress. Despite the cautionary instructions of the trial Judge that this evidence was not to be considered as to Castro and Alvarez but only as to Katon, we find ourselves of the view that prejudice to the rights of Castro and Alvarez resulted, and that as to them, an unfair conviction under Count Four ensued. In the circumstances peculiar to this trial (as opposed to the ordinary conspiracy trial where portions of the evidence are admissible as to only one, or some of the defendants on trial, and proper cautionary instructions to this effect are given) the major part of the evidence concerned matters which could not be considered by the jury as to the appellants. We do not believe this situation was susceptible of correction by instruction, however careful and complete. This is a proper case for the exercise of the discretionary duty imposed by 28 U.S.C. § 2106. Bryan v. United States, 1950, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335; Guevara v. United States, 5 Cir., 1957, 242 F.2d 745. We reverse for new trial.

We express no opinion as to whether there is or is not sufficient evidence, competent as to Castro and Alvarez, to support a conviction for conspiracy under Count Four. We are of the opinion that such evidence as there is against them will appear in a different light to a new jury, if it is not accompanied by evidence that as to them is entirely inadmissible, and as we indicate, highly prejudicial.

Reversed and remanded.