**Arthur Franklin ROTOLO,**
**Appellant,**

v.

**UNITED STATES of America,**
.Appellee.

**No. 25558.**

United States Court of Appeals
Fifth Circuit.

Nov. 19, 1968.

Arthur Franklin Rotolo, pro se.

Samuel S. Forman, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before ALDRICH *, GODBOLD, and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction for transporting a minor in interstate commerce via common carrier, for purposes of prostitution. 18 U.S.C. Secs. 2421, 2422, 2423. We affirm.

The government's evidence showed that the appellant induced and persuaded Lulu Faye Brisbo, a female under the age of eighteen, to accompany him from Butte, Montana, to Jacksonville, Florida, by commercial airline, for immoral purposes, and that he then transported her in such manner.

■ The appellant contends that the airline tickets used by him and Lulu Faye, and related testimony, should not have been admitted in evidence. The Accountant Supervisor of Western Airlines testified that he was the custodian of the tickets and billings lists and that they were records kept in the ordinary course of business. The evidence thus was admissible under the Business Records Act, 28 U.S.C.A. Sec. 1732. A summary of these records, showing the continuous airline flight of the couple from Montana to Florida, was prepared by the supervisor, who was cross-examined by defense counsel. There was no error in admitting the summary of the records in evidence. McDaniel v. United States, 5 Cir. 1965, 343 F.2d 785, cert. denied 382 U.S. 826, 86 S.Ct. 59, 15 L.Ed.2d 71.

■ The appellant contends that the trial judge reversibly erred in failing to admonish the jury not to discuss the case, prior to a lunch recess. There is, however, no allegation that any actual prejudice resulted. While such an admonition is desirable, under the circumstances its omission did not constitute reversible error. United States v. Viale, 2 Cir, 1963, 312 F.2d 595, cert. denied 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 199.

■ The appellant contends that reversible error resulted from the trial court's permitting leading questions to Lulu Faye. As the court pointed out, she was a reluctant witness, only fifteen years of age. The transcript shows that she was nervous and upset. The district court properly exercised discretion in allowing leading questions. Feutralle v. United States, 5 Cir. 1954, 209 F.2d 159; Antelope v. United States, 10 Cir. 1950, 185 F.2d 174; Long v. United States, 10 Cir. 1947, 160 F.2d 706.

■ We find no merit in the appellant's contention that parts of the prosecution's closing argument constituted reversible error. The defense made only one objection to the government's argument and that was correctly overruled. We find no "plain error" in the remainder of the government's argument which, not having been objected to, is not grounds for reversal. Sikes v. United States, 5 Cir. 1960, 279 F.2d 561; Allen v. United States, 5 Cir. 1951, 192 F.2d 570.

■ Since the evidence was ample to sustain the conviction, the district court was correct in denying the defense motion for judgment of acquittal.

We have examined the record in connection with appellant's contention that the judge's conduct during the trial deprived him of a fair trial. The contention is without merit.

■ Petitioner has proceeded in this court pro se, because he waived appointed counsel. He filed with this court specific written statements that he desired to proceed pro se and requested that counsel not be appointed for him, which constituted an unequivocal waiver.

The judgment of the district court is affirmed.

* Of the First Circuit, sitting by designation.