**Lloyd NELSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 26586.

United States Court of Appeals
Fifth Circuit.

Sept. 8, 1969.

Franklin S. Spears, Raymond Wietzel, James R. Gillespie, San Antonio, Tex., for appellant.

Ernest Morgan, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before COLEMAN and GODBOLD, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge:

This is an appeal from convictions for receiving, possessing, concealing and storing stolen property in violation of 18 U.S.C. § 2113(c), and for conspiracy in violation of 18 U.S.C. § 371. Both charges arise out of the burglary on December 16, 1966, of the Brooks Field National Bank, San Antonio, Texas.

Appellant was indicted along with three other defendants, Hopkins, Guerrero and Scott. A fifth defendant, Seawell, had previously been charged in a separate indictment. Prior to trial, Hopkins, Guerrero and Seawell pled guilty. The case proceeded to trial with Scott and appellant as defendants. The jury returned a guilty verdict against the appellant and acquitted Scott.

It was clearly established that Hopkins, Seawell and Guerrero planned and carried out the actual burglary. Appellant knew Seawell prior to the burglary. At the trial the Government attempted to link the appellant with the case by showing that the three men went to the appellant's home shortly after the burglary to unload the stolen coins and the burglary tools. The evidence introduced demonstrates that appellant helped the men unload the car, burned the money bags, disposed of the tools and stripped the wrappers off the money so it could not be identified. Additional evidence indicated that Hopkins telephoned the appellant the day after the burglary and that further visits were made in the home of the appellant by Hopkins, Seawell and Scott for purposes of seeing that the appellant had taken steps to have the coins converted into currency and later to divide the proceeds. It was conceded by the Government that the appellant had no knowledge of the burglary at the actual time that it took place or that the coins came from any particular bank.

Appellant lists numerous grounds for error; several merit discussion.

Appellant claims that the trial court erred in denying the appellant's motion for severance and that the appellant was thereby prejudiced in his right to a fair trial. See Rule 14, Federal Rules of Criminal Procedure. There is no merit in this contention. After the denial of the motion for severance all three defendants who participated in the actual burglary pled guilty. Appellant then, in effect, got his severance and he can show no prejudice from the trial court's ruling. Moreover, this is an area where great latitude is given the trial court to determine if prejudice will occur from one trial concerning multiple defendants and that decision will not be overturned absent a clear showing of abuse of that discretion. Blachly v. United States, 380 F.2d 665 (5th Cir. 1967); Flores v. United States, 379 F. 2d 905 (5th Cir. 1967).

Appellant lists three grounds for error which can be discussed simultaneously. They are (1) that there was no sufficient evidence for the jury to find beyond a reasonable doubt that appellant participated in a single conspiracy; (2) that the trial court erred in denying appellant's motion for acquittal because there was no competent evidence to show that appellant knowingly entered into the unlawful conspiracy; and (3) that the trial court erred in refusing to give appellant's requested instructions on the degree of knowledge necessary to find appellant was a participant in the conspiracy. The basic theory behind each of these contentions is that appellant did not plan, participate or know of the bank burglary and, therefore, he cannot be convicted of conspiracy to knowingly receive and conceal money stolen from the bank.

The elements of the substantive offense of conspiracy are an agreement by two or more persons to combine efforts for an illegal purpose and an overt act in furtherance of the agreement. United States v. Falcone; 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 (1940); Cross v. United States, 392 F. 2d 360 (8th Cir. 1968); Castro v. Unit-

ed States, 296 F.2d 540 (5th Cir. 1961); Duke v. United States, 233 F.2d 897 (5th Cir. 1956). It is not necessary, however, that a defendant enter into the unlawful agreement at its inception. Pereira v. United States, 347 U.S. 1, 12, 74 S.Ct. 358, 98 L.Ed. 435 (1954); United States v. Hickey, 360 F.2d 127 (7th Cir. 1966), cert. denied 385 U.S. 928, 87 S.Ct. 284, 17 L.Ed.2d 210; United States v. Dardi, 330 F.2d 316 (2d Cir. 1964), cert. denied 379 U.S. 845, 85 S.Ct. 50, 13 L.Ed.2d 50; United States v. Zuideveld, 316 F.2d 873 (7th Cir. 1963), cert. denied 376 U.S. 916, 84 S.Ct. 671, 11 L.Ed.2d 612; Duke v. United States, *supra*. Likewise, if a person later joins an already formed conspiracy knowing of the unlawful purpose, he may be held responsible for the acts done in furtherance of the conspiracy, both prior and subsequent to his joinder. Myzel v. Fields, 386 F.2d 718 (8th Cir. 1967), cert. denied 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143; Lile v. United States, 264 F.2d 278, 279 (9th Cir. 1958); Marino v. United States, 91 F.2d 691 (9th Cir. 1937). A quote from the *Lile* case may be helpful:

> "A person may be held as a conspirator although he joins the criminal concert at a point in time far beyond the initial act of the conspirators. If he joins later, knowing of the criminal design, and acts in concert with the original conspirators, he may be held responsible, not only for everything which may have been done thereafter, but also for everything done prior to his adherence to the criminal design. One need not participate in the formation of the conspiracy or even in the overt act which makes the crime complete. After a conspiracy has been formed, the adherence to the criminal design by a new confederate does not constitute a different conspiracy". 264 F.2d at 281.

Appellant further claims that he had no knowledge of the particular bank from which the money was stolen and, also, that he had no knowledge that the burglarized bank was insured by the Federal Deposit Insurance Corporation (FDIC). The logical assertion is that, not knowing these particulars, appellant could not know of the substantive offense. Thus, by not knowing of the substantive offense, appellant claims that he can't be convicted of conspiracy to commit that offense.

■■ It is well settled that a conviction for conspiracy under 18 U.S.C. § 371 cannot be sustained unless there is proof of an agreement to commit an offense against the United States. Ingram v. United States, 360 U.S. 672, 677–678, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959); Pereira v. United States, *supra*. 18 U.S.C. § 2113(c) reads "Whosoever receives, possesses, conceals, stores, barters, sells, or disposes of any property or money * * * knowing the same to have been taken from a bank * * *." 18 U.S.C. § 2113(f) then states "As used in this section the term 'Bank' means any member of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized under the laws of the United States, and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation". There is ample evidence that the appellant knew that the money was stolen from a banking institution. The question is whether it must be shown that the appellant knew the additional facts of the exact bank robbed or that the bank was FDIC insured in order for him to have knowledge of the substantive offense. That question must be answered in the negative. Knowledge of receiving money stolen from a banking institution is sufficient to meet the substantive requirements of § 2113(c). Proving that the bank was insured by the FDIC is simply an additional element of jurisdictional proof which must be shown by the Government at the trial. United States v. Allegretti, 340 F.2d 243 (7th Cir. 1964); Ahlstedt v. United States, 325 F.2d 257 (5th Cir. 1963); Cook v. United States, 320 F.2d 258 (5th Cir. 1963). Cf. Clark v. United States, 213 F.2d 63, 65 (5th Cir.

1954). In the instant case the parties stipulated that the bank was insured by the FDIC. Likewise, we find that a sufficient showing of appellant's cooperation with the other defendants with the knowledge that the money was stolen from a banking institution is enough to show knowing agreement to commit the substantive offense.

■ In light of this discussion, we find that there was sufficient evidence to establish a single conspiracy and that the evidence was also sufficient to show appellant's knowing entry into that conspiracy. In conspiracy cases the evidence is often necessarily circumstantial. In an appeal from a conviction by the trial court on a charge of conspiracy we look only to see whether from the evidence presented, and viewed in a light most favorable to the Government, the jury could reasonably find a conspiracy existed and that appellant was a member. Harper v. United States, 405 F.2d 185 (5th Cir. 1969).

Despite the refusal to give appellant's requested instructions, we find no error in the general charge given the jury by the trial court regarding the proper element of knowledge necessary to find appellant a member of the conspiracy.

■ Appellant contends that the trial court erred in charging the jury that "in determining the degree of credibility that could be afforded to (the appellant's) testimony, you are entitled to take into consideration the fact that he is the defendant and the very keen personal interest that he has in the result of your verdict". This instruction has been approved numerous times. Reagan v. United States, 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709 (1895); Black v. United States, 309 F.2d 331, 345 (8th Cir. 1962); United States v. McCarthy, 295 F.2d 356, 358 (7th Cir. 1961); United States v. Marshall, 266 F.2d 92, 95 (7th Cir. 1959); Stapleton v. United States, 17 Alaska 713, 260 F.2d 415, 420 (9th Cir. 1958).

■ Appellant contends that the trial court erred in permitting the Gov-

ernment's key witness, Seawell, to testify about acts and statements made in furtherance of the conspiracy without first establishing the conspiracy and appellant's connection therewith. The trial court allowed the testimony to be introduced subject to the establishment of other independent facts connecting appellant with the conspiracy. The order of proof at trial is a matter almost wholly within the discretion of the trial court. United States v. Harris, 391 F. 2d 348 (6th Cir. 1968); Strauss v. United States, 311 F.2d 926 (5th Cir. 1963); Anthony v. United States, 256 F.2d 50 (9th Cir. 1958). We find no abuse of that discretion.

Appellant claims that the trial court erred in denying his application for a new trial and his motion for a hearing. Appellant claims (1) that his attorney had a conflict of interest, in that he was protecting another client from being implicated in the case; and (2) that appellant received a letter from Seawell in which he contradicted the testimony he had given at the trial. During the trial the Government introduced the bank records of the Randolph Field National Bank showing an account in the name of Thunderbird Gas and Oil Company with an initial deposit of $5,000.00 and a signatory card showing Thomas H. Hopkins and Lloyd Nelson. Appellant claims that after the trial he discovered that shortly after the account was opened appellant's name was eliminated from the account and a new account opened showing Ray Russell as co-signatory with Hopkins. Appellant claims that his attorney represented Russell, and this conflict of interest caused the attorney to refuse appellant's pleas to subpoena the remainder of the records of the Thunderbird Gas and Oil Company.

■ It is apparent immediately that appellant was well aware of the records and the fact that his attorney also represented Russell prior to trial. Indeed, Russell suggested to appellant that appellant employ Russell's attorney. Appellant cannot now, after knowingly

completing the trial with such counsel, urge that he was prejudiced.

As to appellant's second contention, it is apparent that a letter to him from Seawell would be no more than impeaching matter and thus not sufficient to require a new trial. Moreover, it appears that this information was accessible to appellant prior to trial and, therefore, cannot qualify as "newly discovered" evidence. On either ground appellant's contention does not meet the criteria for a new trial as announced in Ledet v. United States, 297 F.2d 737 (5th Cir. 1962), and the trial court properly exercised its wide discretion in entertaining and denying the motion for a new trial and request for a hearing. Reno v. United States, 340 F.2d 307 (5th Cir. 1965).

Appellant's other contentions lack sufficient merit as to require discussion.

Affirmed.