**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Roscoe COOK, Defendant-Appellant.**

**No. 26988.**

United States Court of Appeals
Fifth Circuit.

Dec. 18, 1969.

John R. Martzell, Ungar, Dulitz & Martzell, New Orleans, La., for defendant-appellant.

Louis C. La Cour, U. S. Atty., Horace P. Rowley, III, Richard M. Olsen, Asst. U. S. Attys., New Orleans, La., for the United States.

Before GOLDBERG, DYER, and CARSWELL, Circuit Judges.

PER CURIAM:

This is a mail theft case in its second appearance before this court. In 1966 Roscoe Cook was found guilty by a jury and sentenced to four years and nine months in prison. We reversed because of *Miranda* violations. Cook v. United States, 5 Cir. 1968, 392 F.2d 219. On remand a jury again convicted Cook and he was sentenced to three years and nine months in prison. Cook appeals again. This time he contests the correctness and constitutionality of the court's instructions to the jury. Specifically Cook complains of the court's charge concerning the inference permitted to be drawn from possession of stolen mail. The trial court charged the jury in these words:

"Possession of recently stolen mail, if not satisfactorily explained, is a circumstance on which the jury may reasonably draw the inference and find in light of surrounding circumstances that the person in possession participated in some way in the theft of the mail.

"If you find from the evidence beyond a reasonable doubt that the mail matter described in the indictment was stolen, and that, while recently stolen, the mail matter was in the possession of the accused, the jury would be justified in drawing from those facts the inference not only that the mail matter was possessed by the accused with knowledge that the mail matter was stolen, but also that the accused having guilty possession participated in some way in the theft of the mail, unless possession by the accused of the recently stolen mail is explained to the satisfaction of the jury by other facts and circumstances in evidence."

Appellant attacks this charge claiming that it allowed the jury to infer that the mail was stolen from the fact that the defendant possessed it. This is obviously not what the charge said. It was the possession of recently *stolen* mail which created the permitted inference, not the possession of any mail. Thus, the jury had to find that the mail was indeed *stolen mail* before the inference was permitted. The charge therefore did nothing more than articulate the judicially venerated principle that a person's unexplained possession of a recently stolen article allows an inference that the possessor participated in the theft. This charge and its underlying principle have received the specific sanction and approval of this court and others. Hall v. United States, 10 Cir. 1969, 404 F.2d 1367; Thurmond v. United States, 5 Cir. 1967, 377 F.2d 448; Orser v. United States, 5 Cir. 1966, 362 F.2d 580.

Appellant finally contends that the charge denied him his privilege against self-incrimination. The appellant's theory seems to be that the phrase "unless possession by the accused of the recently stolen mail is explained to the satisfaction of the jury by other facts and circumstances in evidence" denied Cook the opportunity to prove his innocence in any other way than by his own testimony and thus thwarted his Fifth Amendment rights. This contention is without merit. In United States v. Gainey, 1965, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658, the Supreme Court held that a similar instruction was not a violation of the defendant's Fifth Amendment rights.

Moreover, here the trial judge specifically instructed the jury that the accused need not take the witness stand and that no inference could be drawn from the fact that he did not testify. This was sufficient under the circumstances. The Fifth Amendment gives a defendant the right to refuse to testify, but it does not give him an irrebuttable presumption of innocence. If the appellant's argument were accepted, the government could never introduce evidence in sufficient quantities to compel a defendant to either explain or suffer a guilty verdict. The Fifth Amendment places no such restriction on the government. A criminal defendant has a

privilege against self-incrimination, not a privilege against vigorous prosecution.

Affirmed.