**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George McGANN and Harold Mote**
**Pruitt, Defendants-Appellants.**

**No. 27042.**

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1970.

Rehearing Denied Oct. 1, 1970.

Rehearing Denied and Rehearing En Banc Denied Oct. 22, 1970.

Order Nov. 17, 1970.

J. B. Champion, Ardmore, Okl. Emmett Colvin, Jr., Frank Wright, Charles W. Tessmer, Dallas, Tex., for defendants-appellants.

Eldon B. Mahon, U. S. Atty., Andrew Barr, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before WISDOM, GOLDBERG and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Appellants, George McGann and Harold Mote Pruitt, were indicted with six other men for offenses growing out of the theft, storage and sale of approximately 126 television sets which constituted an interstate shipment of goods. McGann and Pruitt were convicted of conspiracy to steal, store, sell, and distribute merchandise stolen from interstate commerce in violation of 18 U.S.C. § 371 (Count I) and for the possession of such merchandise in violation of 18 U.S.C. § 659 (Count V).[1] Appellants

1. Section 371 of the Act provides in pertinent part that:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do

received identical terms of five (5) years imprisonment on each of Counts I and V, the sentences to run consecutively.

At the trial the government's evidence consisted mainly of the testimony of five co-defendants who participated in the theft. The evidence revealed that on or about January 4, 1968, defendants Peel and Fletcher, utilizing a rented truck, removed a trailer containing the Magnavox televisions from a Dallas trucking company storage lot. Pursuant to an agreement originating in December, 1967, the merchandise was taken to defendant Harrington's farm at Plano, Texas. Scribner and Hallman, two of the co-conspirators, then sold between 25 and 30 of the sets to appellant McGann. Pruitt, acting under an assumed name, rented a U-Haul truck and a warehouse and helped McGann remove a number of the sets to the warehouse for hiding. In urging reversal of their convictions appellants assign seven points of error.

## I.

Appellant McGann's main contention is that there was insufficient evidence to establish his connection with the overall plan to steal the merchandise and thus it was prejudicial error to submit the conspiracy offense to the jury. His connection with the conspiracy was established by the testimony of co-defendant Hallman, who stated that he phoned McGann prior to the theft and asked him if he wanted to buy some television sets. McGann agreed to purchase the sets. Hallman testified that he did not inform McGann at that time of the source of the goods. After the theft, appellant McGann met with Hallman and other co-conspirators, went to the farm at Plano, and loaded two truckloads of the sets for transfer to the warehouse in Dallas for further sale. McGann's statements to the others at the farm indicated that at this point, which was after the theft, he had knowledge of the stolen character of the goods.

■■ The elements of a conspiracy are twofold: an agreement between two or more persons to combine efforts for an illegal purpose and an overt act in furtherance of said conspiracy. United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 (1940); Castro v. United States, 296 F.2d 540 (5th Cir. 1961). If a person later joins an already formed conspiracy knowing of the unlawful purpose, he may be held responsible for the acts done in furtherance of the conspiracy, both prior and subsequent to his joinder. Nelson v. United States, 415 F.2d 483, 486 (5th Cir. 1969); Lile v. United States, 264 F.2d 278, 279 (9th Cir. 1958).

In the instant case, if McGann merely agreed to buy stolen television sets, but was unaware of the plans to steal them, then he lacked the requisite knowledge of the scheme to be a conspirator. Henderson v. United States, 237 F.2d 169, 171 (5th Cir. 1956); United States v. Falcone, supra, 311 U.S. at 210, 61 S.Ct. 204. However, if he agreed originally

---

any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."
Section 659 provides in part that:
"Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any pipeline system, railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express or other property; or
Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen; * * *
Shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both; but if the amount or value of such money, baggage, goods or chattels does not exceed $100, he shall be fined not more than $1000 or imprisoned not more than one year, or both. * * * *"

to sell the stolen sets as his part of the scheme, then he was properly charged and convicted of the conspiracy to steal, store, sell and distribute the sets, although he actually only stored and sold the sets.

It is a well established rule that in considering the record on appeal in a criminal case from a jury verdict of guilty, the appellate court must sustain the verdict if there is substantial evidence, taking the view most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In circumstantial evidence cases, the "test to be applied on motion for judgment of acquittal and on review of denial of such motion is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis, but that of guilt, but rather whether the jury might reasonably so conclude." Harper v. United States, 405 F.2d 185 (5th Cir. 1969). See United States v. Garza, 426 F.2d 949 (5th Cir. 1970).

In the case at bar, the government has clearly established with substantial evidence that a conspiracy existed. The direct evidence linking appellants to the development of and participation in the conspiracy is slight. Recent opinions of this court, however, have held that *where the existence of a conspiracy is shown,* as here, *only slight additional evidence is required to connect a particular defendant with it.* Lopez v. United States, 414 F.2d 909, 911 (5th Cir. 1969); Bradford v. United States, 413 F.2d 467, 469 (5th Cir. 1969); Cave v. United States, 390 F.2d 58, 69 (8th Cir. 1968); Poliafico v. United States, 237 F.2d 97, 104 (6th Cir. 1956), cert. denied, 352 U.S. 1025, 77 S.Ct. 590, 1 L.Ed.2d 597 (1957).

Much of the conspiratorial evidence implicating appellants is circumstantial. However, if it is believed by the jury, it is sufficient to link appellants to the conspiracy. Lopez v. United States, supra; Bradford v. United States, supra. See Cohen v. United States, 363 F.2d 321 (5th Cir. 1966), cert. denied, 385 U.S. 957, 87 S.Ct. 395, 17 L.Ed.2d 303 (1966). In Lopez, a co-defendant testified of a meeting with the appellant at a favorite rendezvous place of the conspirators. The appellant Lopez agreed to make arrangements to haul the stolen goods on the week ends. This was the only evidence in the trial against him, but on appeal the conviction was affirmed. In Nelson v. United States, 415 F.2d 483 (5th Cir. 1969), appellant Nelson helped three men unload their car after a burglary, helped them dispose of burglary tools, and converted their coins into currency. The government conceded that Nelson had no knowledge of the burglary at the time it took place or that the coins came from a particular bank. The court affirmed the conviction under 18 U.S.C. § 371, finding sufficient evidence of a conspiracy and the requisite knowledge of entry into it.

In the case sub judice, the phone call from co-defendant Hallman to McGann before the theft, at which time he agreed to purchase the sets, taken together with the testimony by two lady friends of McGann and Pruitt to the effect that the two appellants carefully searched for a warehouse to hide the sets, and the testimony of other perpetrators of the scheme about meetings with McGann and their urgent need for someone to help get rid of the stolen televisions, supports the jury's inference of appellants' knowledge of the conspiracy.

Appellant McGann argues, however, that the evidence did not show that he was aware of the violation of a federal law, i. e., that he did not know the merchandise was stolen from an interstate shipment. We find the argument unpersuasive. McGann showed a total disregard for the source of the television sets. He made no inquiries prior to the theft. After the theft, the sets were described and their prices quoted to him, and arrangements were made to obtain two truckloads. In the ensuing two weeks, appellants handled these stolen goods which were all contained in card-

board boxes with the word "Magnavox" and certain shipping instructions printed thereon. The record clearly shows that during this period, appellants were well aware that these television sets were stolen. In Clark v. United States, 213 F.2d 63, 64 (5th Cir. 1954), the court held that a defendant, to be guilty of a conspiracy, need only "reasonably anticipate that the property might be embezzled or stolen while in the course of interstate transportation. * * * There may be an implied understanding that the property could be embezzled or stolen from any source that might prove convenient or accessible, and that would include an interstate shipment." The following excerpt from an Eighth Circuit case with analogous facts is supportive of the above holding:

"From Fondow's testimony, a reasonable fact finder could determine Nassif knew of the theft of a trailer, knew Schmadebeck 'had a load of dry goods,' knew he rented Hertz trucks to transfer the load, and knew where the goods were taken. Nassif was totally indifferent to the source of the goods. He was concerned over *inventory* and *concealment* and *sale.*

"Coconspirators seeking illicit gain from conversion of another's property seldom become selective as to whether the goods they steal flow in commerce or not. Clearly, if the plan was to steal merchandise only from a known defined local source Nassif might have been guilty of conspiracy to steal or conceal, which only a state may punish. But if the scheme is to steal goods, wherever they may be found, and in fact, goods are stolen from interstate commerce, then we feel the scope of the conspiracy can be broad enough to imply intent to commit a federal crime."

Nassif v. United States, 370 F.2d 147, 153 (8th Cir. 1966). (Footnote and citations omitted). See United States v. Prujansky, 415 F.2d 1045, 1052 (6th Cir. 1969).

In view of the evidence bearing on appellants' involvement in this scheme and the case law discussed, we find that there was no error in submitting the conspiracy count to the jury and we must abide by the jury's verdict.

## II.

■ Appellant McGann's second point of error alleges that the trial court on the possession count (18 U.S.C. § 659, supra) should not have allowed the jury to consider statements of co-conspirators made in furtherance of the conspiracy. He claims that this was an attempt to get in hearsay evidence not admissible on a trial for the substantive crime of possession alone. We disagree. When a defendant is charged with both conspiracy and a substantive offense, acts and declarations of each conspirator, made during the existence of and in furtherance of the conspiracy, are admissible against all of them. Orser v. United States, 362 F.2d 580, 585 (5th Cir. 1966); Downing v. United States, 348 F.2d 594, 600 (5th Cir. 1965). In Scott v. United States, 355 F.2d 799 (5th Cir. 1966), the court held that once a common enterprise had been shown, an incriminating statement made by one defendant in furtherance of the enterprise was admissible against the others. We have examined the record carefully and find no error in admission of the evidence.

## III.

■ Appellant McGann objects to being compelled to submit a handwriting exemplar pursuant to a trial court order. We reject this complaint on the authority of Gilbert v. California, 388 U.S. 263, 266, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), in which the Supreme Court held that handwriting exemplars are identifying physical characteristics and are not ordinarily within the Fifth Amendment privilege against self-incrimination. See Schmerber v. California, 384 U.S. 757, 760, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); Granza v. United States, 381 F.2d 190 (5th Cir. 1967), cert. denied, 389 U.S. 939, 88 S.Ct. 291, 19 L.Ed.2d 292 (1967). Since McGann's

exemplar was never used in the trial, we find no merit in his argument and need not delve into the exact scope of the privilege.

## IV.

Appellant McGann next complains of the trial court's refusal to examine the jury regarding allegedly inflammatory newspaper accounts of the trial. One member of the jury had been seen reading the newspaper in which the article appeared. The article did contain a few errors with respect to evidence introduced earlier in the trial, but they were not of a substantial nature. Although he refused to interrogate the jury, the trial judge nevertheless included the following in his charge:

> "We do not try cases on the basis of what some newspaper reports. We would not have Courts and we would not have juries if it were done that way. We do not try cases in the newspaper or on television. We have to try them on the basis of the legally admissible evidence in the Courtroom. * * * I will, however, advise you and instruct you as emphatically as I know how, that you will be concerned only with the evidence as it comes from the witness stand and that which is admitted in Court under the rulings of the Court."

The trial judge must be given a significant amount of discretion in dealing with news articles concerning the trial. When the situation is not extreme as in the instant case, refusing to interrogate or to declare a mistrial is not error, especially in light of the warning quoted above. Smith v. United States, 385 F.2d 34 (5th Cir. 1967).

## V.

In his fifth point of error, McGann asserts error in the trial court's instruction to the jury pertaining to his failure to testify, in view of his attorney's request that no instruction be given. This argument is self-defeating to appellant. The lower court instructed the jury that the law does not compel a defendant in a criminal case to take the witness stand and that his failure to do so does not create a presumption of guilt. As appellant's brief recognizes, a jury is very likely to assume that a defendant's failure to testify is a sign of guilt. The trial court's instructions here benefited appellant by reminding the jury that it could not presume guilt because of this failure. We have found no cases in this circuit dealing with the situation in which the defendant asks that no instruction be given. However, in Windisch v. United States, 295 F.2d 531 (5th Cir. 1961), the defendant made no request at all and the court, on its own motion, gave the instruction in order to benefit the defendant. The Seventh Circuit has gone so far as to refuse to allow a defendant to forego a charge that he had an absolute right not to testify. United States v. Schwartz, 398 F.2d 464, 469 (7th Cir. 1968). We might be more sympathetic to appellant's argument here if he had shown substantial prejudice because of the charge.

Coupled with the abovementioned argument, appellant alleges error in the trial court's instruction that possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may infer that the person knew the property had been stolen. He maintains that this charge violated his privilege against self-incrimination. We reject this argument as this court did when it was made in United States v. Cook, 419 F.2d 1306 (5th Cir. 1969). There the court also instructed the jury that the accused need not take the stand and that no inference could be drawn from his refusal.

> "This was sufficient under the circumstances. The Fifth Amendment gives a defendant the right to refuse to testify, but it does not give him an irrebuttable presumption of innocence. If the appellant's argument were accepted, the government could never introduce evidence in sufficient quantities to compel a defendant to either explain or suffer a guilty verdict.

\* \* \* A criminal defendant has a privilege against self-incrimination, not a privilege against vigorous prosecution."

419 F.2d at 1307–1308. Thus, we approve the trial court's instructions in this case and find no violation of appellant's Fifth Amendment privileges.

## VI.

■ Appellant Pruitt in his brief alleges error because the prosecutor was allowed to prove before the jury that Pruitt disguised his handwriting in the handwriting exemplars ordered by the court, notwithstanding his offer to stipulate that the comparative samples were his. He urges that this amounted to a compulsion to give testimonial evidence against himself, a violation of his privilege against self-incrimination. This argument also falls within the scope of Gilbert v. California, supra, and appellant Pruitt's attempt to rely on Justice Black's dissenting opinion in that case for authority must fail. The trial court ordered that he give samples of his own handwriting. He voluntarily chose to disguise it, in violation of the order. The deceptive characteristics of the samples were furnished by him at a time when he was represented by counsel. Furthermore, the record indicates that the government's handwriting expert did not comment on the disguised exemplar, but merely made comparisons of the various letters to indicate the manner of writing. °We find that any of the comments on the exemplar were no more testimonial than the exemplar itself. Any unpropitious conclusion to be drawn from the exemplar may have been dispelled by appellant's right to cross-examine, which was not limited or restricted in any manner by the trial court. Gilbert v. California, supra, 388 U.S. at 267, 87 S.Ct. 1951; United States v. Wade, 388 U.S. 218, 227–228, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

## VII.

■ Appellant Pruitt's final argument is that the lower court erred in allowing the government to prove that he was present at witness Carolyn Gallagher's apartment at a time when McGann had brought an allegedly stolen television set to her apartment. He contends that this evidence was immaterial because the set was not proven to be stolen and his presence in an apartment with the unidentified television would not tend to prove a matter in issue. We find no merit in this contention. The record does not clearly place Pruitt at the apartment on the occasion in question. This is of no consequence, since there was other evidence sufficient to establish Pruitt's connection to the conspiracy.

Finding no prejudicial error and finding sufficient evidence to support the conviction of the appellants on Counts I and V of the indictment, the judgments of the district court are affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM:

It is ordered that the petition for rehearing filed by George McGann in the above entitled and numbered cause be and the same is hereby denied.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing filed on behalf of Harold Mote Pruitt is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

### ORDER

### BY THE COURT:

It being made known to the court as a fact, supported by the official death certificate of the State of Texas, that one of the appellants in the above styled and numbered cause, George McGann, died in Lubbock County, Texas, at 5:45 A.M., September 29, 1970, while his petition for rehearing was pending,

Ordered that the opinion heretofore filed is withdrawn as to this defendant-appellant; that the appeal is abated and the case remanded to the district court with directions to vacate its judgment, insofar as it relates to George McGann.